Joseph L. Caven and George F. Hensel *v.* Harriet C. Harsh, Executrix and Trustee under the last Will and Testament of Thomas M. Lewry, deceased, Appellant.

*Judgment—Restriction on execution—Assignment of property as collateral security.*

Where a debtor gives his creditor a judgment note under an agreement that the execution shall be restricted to certain described property, of trifling value compared· with the debt, and after judgment has been entered, execution issued and the property mentioned has been levied on, the debtor assigns all his interest in his father's estate to the creditor, the latter has the right to hold the interest in the estate, or to proceed against it in satisfaction of his debt, even though a scire facias to revive may have been issued on the judgment, which resulted in a verdict and judgment for defendant, if the debt has not in fact been paid.

Argued, Jan. 21, 1898. Appeal, No. 291, Jan. T., 1897, by defendant, from decree of C. P. No. 4, Phila. Co., June T., 1896, No. 401, on bill in equity. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.   Reversed.

Bill in equity for a reassignment of an interest in a decedent's estate.

ARNOLD, P. J., filed the following opinion:

This is a bill to require the defendant to execute and deliver to Joseph L. Caven, one of the plaintiffs, a reassignment of the interest of George F. Hensel, the other plaintiff, in the estate of his father, which it is alleged was assigned to Thomas M. Lewry as collateral security for a debt which has since been satisfied.   George F. Hensel and Thomas M. Lewry were brothers-in-law.   Lewry lent Hensel $6,850, and took a judgment note therefor, dated August 26, 1882.   Judgment was entered on this note and a fi. fa. was issued thereon on August 28, 1882, on which the personal property of the defendant, George F. Hensel, was levied upon and sold, realizing the sum of $405.03, and on August 31, 1882, an attachment execution was issued against the executors of the will of Henry W. Hensel, deceased,

but no further proceedings were taken thereon. On June, 1887, a sci. fa. to revive this judgment was issued, which was brought to trial on May 2, 1892, and resulted in a verdict for the defendant.

On September 1, 1882, the said George F. Hensel assigned all his interest in the estate of his father, Henry W. Hensel, deceased, to Thomas M. Lewry, and on September 4, 1889, assigned the same interest to Joseph L. Caven, plaintiff in this suit. Possession of this interest has not yet been had for the reason that it depends upon a life estate which has not yet ceased. It was alleged on behalf of the plaintiffs that the assignment by George F. Hensel to Thomas M. Lewry, on September 1, 1882, was given as a collateral security for the amount due by Hensel to Lewry, as shown by the judgment note before mentioned. It was contended on behalf of the plaintiffs that inasmuch as that indebtedness is now satisfied, the plaintiffs are entitled to the relief which they claim, to wit: a reassignment by the executrix of Thomas M. Lewry to Mr. Caven.

From the testimony taken before me I find that the assignment by George F. Hensel to Thomas M. Lewry, on September 1, 1882, was made as collateral security for the indebtedness due by Hensel to Lewry at that time. The testimony of the witnesses upon this point was uncontradicted, and the character of the witnesses is such as to leave no doubt whatever of the correctness of their testimony. As it appears by the record of the case in which judgment was entered for that indebtedness that the judgment is satisfied and the indebtedness paid, the plaintiffs are entitled to the relief which they crave.

Objection was made to the joinder of the plaintiffs in this suit, but I do not consider this objection tenable. The plaintiffs are suing in the same right, one derivative through the other, and claiming the same relief. There is no multifariousness in this. It is just the same as if the action was brought at law in the name of George F. Hensel to the use of Joseph L. Caven.

It will therefore be adjudged and decreed that the defendant, Harriet C. Harsh, the executrix and trustee under the will of Thomas M. Lewry, deceased, make, execute, acknowledge and deliver to Joseph L. Caven a reassignment of the interest of George F. Hensel in the estate of his father, Henry W. Hensel, deceased, unless exceptions be filed within ten days.

*Error assigned* was decree of the court.

*Edwin O. Michener*, with him *Jacob Snare*, for appellant.
While it may be granted that collateral security for an in-
debtedness should be returned when a debt is paid, it just as
surely follows that the collateral cannot be demanded until the
debt is paid, and no fiction or theory of law by which a creditor
is prevented from proceeding upon his debt will ever be held
to be a payment, especially in a court of chancery. In this case
the wildest stretch of the imagination would not result in find-
ing that this debt had ever been paid, nor is it possible to find
anything in the case which justifies laying hands upon the col-
lateral security and taking it away from the lawful holder. The
question has been ruled on many occasions in the state of Penn-
sylvania, and while time and time again the right to proceed
upon the original evidence of indebtedness has been lost, it has
never been held that the debt was paid: Philadelphia v. Cooke,
30 Pa. 56; Ayres v. Wattson, 57 Pa. 360; Hartranft's Est.,
153 Pa. 530; Kulp v. Brant, 162 Pa. 222.

Plaintiff was guilty of laches: Gibbons v. Hoag, 95 Ill. 45;
Hoffert v. Miller, 6 S. W. Rep. 447; McCartin v. Traphagen,
11 Atl. Rep. 156; Slemmer's App., 58 Pa. 168.

*John Cromwell Bell*, for appellees.—The assignment was made
as collateral security, and was properly proved: Eaton's App.,
66 Pa. 483; Socher's App., 104 Pa. 620; Riegel v. American
Life Ins. Co., 153 Pa. 134; Kutz's App., 12 W. N. C. 27; Ben-
son v. Maxwell, 21 W. N. C. 446; Ott v. Oyer, 106 Pa. 7;
Honesdale Glass Co. v. Storms, 125 Pa. 268; Lippincott v.
Whitman, 83 Pa. 244; Renshaw v. Gans, 7 Pa. 117; Rearich
v. Swinehart, 11 Pa. 233; Phillips v. Meily, 106 Pa. 536.

The judgment has been paid and the collateral security should
be reassigned: Dowling v. McGregor, 91 Pa. 410; Rutherford
v. Boyer, 84 Pa. 347; Stroud's App., 109 Pa. 329; Campbell's
App., 118 Pa. 137; Dean's App., 35 Pa. 405; Brenner v. Herr,
8 Pa. 106; Mechanics' Bank v. Huston, 11 W. N. C. 389; Sav-
age v. Everman, 70 Pa. 315; Dimmick v. Sexton, 125 Pa. 334;
Boffinger v. Tuyes, 120 U. S. 205.

Equity will not refuse relief to the complainants on the ground
of laches.

OPINION BY MR. JUSTICE MITCHELL, May 16, 1898:

The facts of this case being somewhat peculiar, it may be well to state them concisely. The bill is to compel a reassignment to Hensel, one of the plaintiffs, of his interest in his father's estate, assigned in 1882 to Lewry, appellant's testator, it is now averred, as collateral security only. In August, 1882, Hensel, being indebted to Lewry and also to one Hooley, gave each a judgment note, taking an agreement from them that the executions thereupon should be "restricted to the things and effects alone connected in the business of said Hensel at 526 Callowhill street." Judgments were entered and executions issued under which the goods at 526 Callowhill street were levied on and sold to the judgment creditors. Between the dates of the levy and the return day of the fi. fa. Hensel executed the assignment now in suit, which in terms, for the consideration of $4,000, the receipt of which was acknowledged, transferred to Lewry, without qualification, all the assignor's interest in the estate of his father, then deceased. In 1887 a scire facias to revive his judgment was issued by Lewry, which came to trial in 1892, after his death, and resulted in a verdict for the defendant Hensel. Here the matter rested until the filing of this bill in 1896.

On these uncontested facts the first question that arises is the effect of the verdict in the scire facias to revive. The learned judge below appears to have held that it satisfied the judgment, and established the alleged agreement to take the specified goods in satisfaction. That two creditors, whose united judgments amounted to $11,000, should agree to take in full satisfaction goods which under the most favorable circumstances could only be made to produce $800 is difficult of credence, to say nothing of the task of reconciling it with the subsequent acts of the parties. The writings do not say so. They only restrict the execution, and it is by no means clear, under the authorities, that this restriction would continue and attach to a revived judgment.

But conceding that the verdict established that the goods were to be taken in satisfaction of the judgment, and that is the utmost that can be conceded, there remains the fact of the subsequent assignment by the debtor to the creditor of his interest in his father's estate, which is totally irreconcilable with the extinction of the debt.

The learned judge found that the assignment was as security only. Appellant complains that this finding was on the testimony of one witness, and being in substance the reformation of a writing sealed and delivered, the evidence did not come up to the grade required for that purpose in courts of equity. It is not necessary for us to pass upon this question, for assuming that the assignment was for collateral security only, the creditor is still entitled to hold it. The agreement to restrict execution, whatever its extent, was contemporary with the judgment, and cannot destroy the effect of the subsequent action of the parties. The assignment was after the judgment had been entered up, execution issued and levy made on the goods to which execution was to be restricted. Whether it was before or after the sale does not appear. It was accepted by the creditor, put on record, and remained unimpeached by the debtor long after the amount realized by the creditor on the goods bought at the sheriff's sale was fully ascertained, and in fact until the filing of this bill fourteen years later. There is therefore not only no proof, nor indeed any claim, that the debt has been paid in fact, but it is impossible to reconcile the circumstances of the assignment with any view that the parties at the time considered that the debt was even technically extinguished.

We come therefore to the question how far the rights of the creditor in regard to collateral security are affected by obstacles to his recovery on his original obligation. On this subject our cases are explicit. In City of Philadelphia v. Cooke, 30 Pa. 56, it was held that the discharge of a municipal lien for water pipe by a sheriff's sale would not prevent the city from refusing to furnish water to the premises until the claim was paid, as there had been no actual payment of the debt. And in Hartranft's Estate, 153 Pa. 530, it was held that the bar of the statute of limitations to action on a promissory note would not entitle the maker to a return of collateral held by the payee, without payment of the debt, our Brother WILLIAMS saying: " The holder of a note with whom collaterals have been deposited has, while the statute is running, two remedies—one against the maker by suit, the other against the collaterals. If he loses the first by the lapse of time, he still has the second. He may not sue the maker, but he may exhaust the securities he holds in pledge."

This case comes clearly within the same principle. The judgment may be satisfied, but the debt is not paid, and until it is, the appellant is entitled to hold or to proceed upon the collateral.

Decree reversed and bill dismissed at the costs of the appellees.