William F. Ritter and Daniel H. Ritter, Administrators of Ferdinand S. Ritter, deceased, *v.* John Henning, Appellant.

*Debtor and creditor—Promissory note as collateral security for a judgment—Principal and surety.*

Indorsements on a note showing that it was given to secure the payment of a judgment assigned by the payor to the payee do not change the relationship of debtor and creditor into one of principal and surety, and the failure of the creditor to proceed on the judgment does not relieve the debtor from his liability on the note.

Argued Nov. 18, 1898. Appeal, No. 139, Oct. T., 1898, by defendant, from judgment of C. P. Berks Co., May T., 1898, No. 118, for want of a sufficient affidavit of defense. Before RICE, P. J., ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Opinion by ORLADY, J.

Rule for judgment for want of a sufficient affidavit of defense. Before the court in banc.

The facts sufficiently appear from the following per curiam opinion of the court below making absolute rule for judgment:

Defendant held a judgment, No. 61, April term, 1892, J. D., against the Berks County Agricultural and Horticultural Society. On July 27, 1892, he assigned this judgment to plaintiffs' decedent, at the same time giving him a note for $840, the amount paid and received in the transaction; which note was,

by writing indorsed upon it, declared to be given as collateral security to secure the payment of the judgment. This note was renewed on October 23, 1893, with a like indorsement, and it is this renewal note that is now sued upon. The affidavit and supplemental affidavit of defense allege that the original note was given with the distinct understanding that the payee should proceed upon the judgment for collection of the amount due thereon; that, in spite of that understanding and of repeated requests on defendant's part to have it carried out, no such proceedings were taken; that the renewal note in suit was given by defendant at the urgent instance of the payee and upon the strength and in pursuance of his promise and agreement that he would, before the date of its maturity, issue execution upon the judgment; that he again neglected to do so; that defendant notified him in writing on April 29, 1895, to take measures to collect the judgment, or return the note, upon which defendant protested he would no longer consider himself liable; that decedent repeatedly promised to return it and said he would not look to defendant for payment of it; and that the judgment might have been collected from the defendant therein.

An arrangement such as is evidenced by the indorsement upon the note in suit is, in Lishy v. O'Brien, 4 W. 141, distinctly declared not to be in the nature of a guaranty as ultimate security. The defendant's note was just what the parties called it, a collateral security, i. e., a concurrent security for another debt, designed to increase the means of the creditor to realize the principal debt: Munn v. McDonald, 10 W. 270. Apart from any express restriction upon his use of a collateral note, the creditor has an undoubted right to sue and recover upon the latter whenever it becomes due, without first resorting for payment to the original debtor: Lishy v. O'Brien, supra. It follows, that, in this case, the defendant could not set up, against his liability either upon the original or upon the renewal note, the plaintiff's failure to collect the judgment assigned to him, unless his rights were subject to an express and binding stipulation first to exhaust his means of obtaining satisfaction by proceeding upon the judgment within a specified time. As to the original note, the affidavits clearly fail to aver such a condition of things. It is an elementary rule, that whatever fact, material to the defense, is not stated in an affidavit is

taken not to exist : Lord v. Ocean Bank, 20 Pa. 384. Hence, in a suit upon a written obligation, a defense based upon an alleged parol stipulation contemporaneous with the execution and delivery of the writing and relied upon to control it, must aver that the latter was given upon the faith of the former : Martin v. Berens, 67 Pa. 459 ; Callan v. Lukens, 89 Pa. 134. Moreover, the parol matter set up to overcome the effect of the writing must either be shown to have been an agreement, or the representations in which it consisted must be set forth in order to enable the court to judge whether they amounted to an agreement, the mere allegation of an " understanding " being insufficient : Hinckley v. Shope, 2 Pears. 17. All we have in the original affidavit is an allegation of a " distinct understanding," both as to the original note and the renewal. As to the latter, the supplemental affidavit declares that it was given " upon the strength of and in pursuance of " decedent's " promises and agreements " to proceed upon the judgment within the period for which the renewal was given, or, failing in this, not to ask for a further renewal, but to return the note. The original note, it would thus appear, was not subject to any parol defense which the court is at liberty to consider. Upon its maturity, therefore, the decedent was presumptively free to proceed for its collection from defendant. If, instead of so doing, he accepted a renewal of it, this was, it would seem, by way of forbearance, an accommodation, a benefit to the defendant, not to the decedent. The defendant owes the decedent the money. Decedent holds defendant's note presently enforceable. Decedent grants to defendant an extension of one year for the payment of it, by taking the renewal note. In other words, he gets nothing, but grants an indulgence. So much is indisputable, and so far the transaction is binding. But when we are told that he promised something more, viz : not to hold defendant on this renewal note, but to return it, unless he should, before its maturity, proceed against the society on the judgment against it, and that this promise was the moving inducement in the execution and delivery of the note by defendant, we are treated to a contradiction within the four corners of the affidavits themselves. Not only do they aver, that, whilst the relation of creditor and debtor existed between the decedent and the defendant, the positions of the parties, as usually inci-

dent to such relation, were reversed, and the debtor undertook to impose conditions upon his forbearing creditor; but, whilst asserting that his assent to those conditions was the inducement to defendant's execution of the note in suit, they also show that the consideration for the original note was the purchase of the judgment by decedent from defendant and the payment to the latter of $840 for it, and the consideration for the renewal note, was the decedent's forbearance of collection of the original note which was due because of the nonpayment of the judgment.    If there was any further promise made by the decedent, it was clearly not by way of inducement in any proper sense of the word, which is something that enters into the consideration and for that reason enforceable in equity, even if not expressed, but a gratuitous undertaking on his part, disconnected with the consideration supporting the note—in short, nudum pactum, which is not available as a defense : Megargee v. R. R. Co., 2 W. N. C. 535.    It may also be noted, that this defense, if not neutralized by the remainder of the affidavits, seems to be one which goes, not in modification of the terms of a contract, but in destruction of the written promise itself, and is for that reason inadmissible without an allegation of fraud or mistake : Wolf v. Rosenbach, 2 Pa. Superior Ct. 587.

There seems to be no good cause shown for withholding judgment in this case, and therefore, the rule to show cause is made absolute.

Judgment for plaintiff for $872.76.    Defendant appealed.

*Error assigned* was making absolute rule for judgment for want of a sufficient affidavit of defense.

*S. M. Meredith*, with him *J. Ross Miller*, for appellant.—This note is given as collateral security to secure the judgment of $1,200, less $360, which the within John Henning, on the 27th day of July, 1892, assigned to Ferdinand S. Ritter, being against the Berks County Agricultural and Horticultural Society.

It in effect, if not in terms, constitutes a guaranty ; for it is a collateral undertaking by John Henning to pay the debt of another, to wit: that of the Berks County Agricultural and Horticultural Society, if said society does not pay same to the assignor, Ferdinand S. Ritter.

The guaranty, by the assignor of a judgment of the debt secured thereby, is a covenant on his part, that, if the assignee, using due legal process and exercising due diligence, should fail to collect the claim from the original debtor, the guarantor will make good the deficiency: Bechtel v. Hoffman, 1 Woodward's Decisions, 130 ; Miller v. Berkley, 27 Pa. 317.

*Richmond L. Jones,* with him *Adam H. Schmehl,* for appellees.—The holder of a collateral security is not bound to take any trouble or risk in enforcing it: Ormsby v. Fortune, 16 S. & R. 302 ; Leas v. James, 10 S. & R. 307 ; Smouse v. Bail, 1 Gr. 397.

A collateral security may be sued, without first having recourse to the original debtor : Lishy v. O'Brien, 4 Watts, 141.

A creditor may hold an unlimited number of collaterals, and avail himself of any of them, so long as his debt remains unpaid : Ayres v. Wattson, 57 Pa. 360.

The deposit of collateral securities for the payment of a promissory note has no effect to prevent the running of the statute against the right of action upon the note. The pledge, however, survives, and the debtor cannot demand a return of the collaterals until the debt has been paid, notwithstanding the statute may have run upon his creditor's right of action against him : Hartranft's Est., 153 Pa. 530.

OPINION BY ORLADY, J., July 28, 1899 :

The judgment which John Henning assigned to Ferdinand S. Ritter and the promissory note which Henning gave when he received the $840 from Ritter were concurrent and collateral securities for the same debt. The indorsements on the note showing that it was given to secure the payment of the judgment, did not change the relation of debtor and creditor. The original transaction contains no contract of suretyship or guaranty and the fact that the note accompanied the assignment of the judgment meant no more than an additional security for the money at that time paid by Ritter, who could avail himself of either so long as his debt remains unpaid : Ayres v. Wattson, 57 Pa. 360.

It is the very nature of collateral security that it may be resorted to for a satisfaction of the principal debt, if its payment

shall not otherwise be obtained: Jones on Pledges, sec. 591. The failure of Ritter to comply with Henning's written notice, to collect the judgment from the defendant therein, did not change Ritter's position from a creditor to that of a surety for him on the judgment, thereby relieving Henning from liability on his promissory note under the provisions of the Act of May 14, 1874, P. L. 157; which act contemplates that the person to be proceeded against shall be liable for a principal debt, common to the creditor and the person giving the notice. If Henning desired to enforce the payment of the judgment he should have paid his note and had the judgment reassigned to him to enforce its collection. Instead of following this course he secured an extension of time from his creditor and renewed his note for another year. In Hartranft's Estate, 153 Pa. 530, it was held that the bar of the statute of limitations to an action on a promissory note would not entitle the maker to a return of the collateral held by the payee, without payment of the debt, . . . . The holder of a note with whom collaterals have been deposited has, while the statute is running, two remedies, one against the maker by suit, the other against the collaterals. If he loses the first by lapse of time, he still has the second. He may not sue the maker but he may exhaust the securities he holds in pledge: Craven v. Harsh, 186 Pa. 132.

The extension of time was a forbearance and was not an independent consideration as shown by the learned judge in the opinion filed.

The judgment is affirmed.