## Hurley et al., Appellants, v. Henton et al.

*Judgments — Warrant to confess judgment — Covenant to pay taxes—Default in payment of principal or interest—Striking off judgment.*

1. Where a contract for the purchase of real estate provides for the payment of a named amount with interest and for the payment of certain taxes, and the contract also provides for the confession of judgment upon default of payment of principal and interest,

judgment cannot be entered on a mere allegation of default in payment of taxes, without reference to any default in payment of principal or interest.

2. In such case the amount paid by plaintiffs in the judgment for taxes, cannot be accounted part of the principal.

3. The covenant to pay taxes was a covenant to perform something with some one else for the relief of plaintiff, and, while taxes are a part of the consideration, they are not principal or interest.

Argued May 7, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 40, Jan. T., 1928, by plaintiffs, from order of C. P. Erie Co., Sept. T., 1926, No. 910, making absolute rule to strike off judgment, in case of Emmet D. Hurley and Robert N. Hamberger v. Andrew C. Henton et al. Affirmed.

Rule to strike off judgment. Before ROSSITER, P. J.

The opinion of the Supreme Court states the facts.

Rule absolute. Plaintiffs appealed.

*Error assigned* was order, quoting record.

*C. Harrison Lund,* for appellant.

*M. E. Graham, C. P. Hewes* and *Gunnison, Fish, Gifford & Chapin,* for appellees, were not heard.

PER CURIAM, May 21, 1928:

Plaintiffs and defendants entered into a written contract whereby the former agreed to sell and the latter to purchase certain real estate. In this contract defendants agreed to pay plaintiffs a named amount with interest at six per cent, and also to pay certain taxes on the property in question. The contract also provided: "It is further understood and agreed, that in case of default of payment of any sum of principal or interest herein agreed to be paid, after the same shall become due

and payable by the terms hereof, that then and in such case the whole of the said principal sum shall, at the option of the said part[ies] of the first part, forthwith become due and payable, anything hereinbefore contained to the contrary thereof notwithstanding. And in such case of default, the said part[ies] of the second part, hereby authorize and empower any attorney of any court of record in the State of Pennsylvania, or elsewhere, to appear for and confess a judgment for the whole principal sum and interest remaining unpaid hereon." Plaintiffs filed an allegation of default in payment of taxes, without alleging any other default, and entered judgment against defendants under the above warrant of attorney, including in the damages assessed the balance due on the purchase price, interest, and the amount of the taxes in question.

Defendants moved to strike off the judgment because the only default upon which the warrant authorized entry of judgment was for failure to pay principal or interest. They contended that no such default was made or averred, and that failure to pay taxes, the only default alleged, was not such a one, under the agreement, as to authorize the entry of judgment. The contention of plaintiffs is that the amount paid by them for taxes must be accounted part of the principal.

The court below properly ruled against plaintiffs and struck off the judgment, saying: "While it is true the agreement recites that 'The parties of the first part, in consideration of the covenants and agreements herein contained on the part of the said parties of the second part to be kept and performed, have agreed and do agree to sell and convey unto said parties of the second part all the land, etc., for ninety-one hundred dollars,' and further provides for payment for pavement, curb, cement walks, sewer, water connections, etc., taxes for 1925 to be prorated, and the second party to pay the taxes for 1926 and thereafter, [yet] the agreements to pay for pavement, curb, sidewalk, taxes, etc., are covenants to

perform something with some one else for the purpose of relieving plaintiff from such performance, and, while they are part of the consideration, they are not principal or interest, but are covenants, and do not at all take on the form of principal or interest." Without analyzing the present writing, it is sufficient to say that it clearly shows that "principal," as used therein, does not include "taxes," but means only the sum payable to plaintiffs which produces the interest also agreed to be paid to them.

The order appealed from is affirmed.