Home Credit Company v. Preston, Appellant.

458

Argued April 28, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*John J. Kennedy,* and with him *Harry E. Cope,* for appellant.

*William S. Doty* of *Doty and Thornton,* and with him *Thomas A. Thornton* and *Eugene H. Kipp,* for appellee.

OPINION BY BALDRIGE, J., July 10, 1930:

This is an appeal from an order of the learned court below discharging a rule to strike from the record a judgment entered in favor of the plaintiff.

The defendant gave a note on December 9, 1927, payable eighteen months after date, in monthly installments. It contained the following provision: "Failure to meet any payments when due shall render the installment feature of this obligation void and the remaining balance shall become immediately due and payable;" and authorized, in event of default, any attorney to appear and confess judgment. The statement filed with the confession of judgment averred that the defendant "under her hand and seal had promised to pay the said plaintiff the aforesaid sum of $396.64, as per conditions of note attached, after the date thereof, which period has now elapsed. Nevertheless, the said defendants, although often required, the aforesaid sum of money, or any part thereof to the said plaintiff yet have not paid, but hitherto altogether refused, and still refuse to pay. Whereupon the said plaintiff is damaged to the value of ($456.14) dollars." The confession of judgment sets forth that this sum is made up of a balance of $396.64 due on the note and attorney's commission of $69.50. The main reason urged for striking off the judgment is that there was no allegation of default or assignment of breaches under oath. The statement avers in effect that $396.-64 was to be paid in monthly installments. The pleader does not use either "default" or "breach" but the averment is clear that there was a failure or omission to comply with the terms of the note, and that is sufficient.

In Hurley v. Henton, 293 Pa. 289, cited by appellant, there was no default alleged as to the payment of the principal or interest, but a failure to pay the taxes, which the court held was an independent covenant and was not contemplated as being part of the principal or interest. Nor is Kolf v. Lieberman, 282 Pa. 479, or Jordan v. Kirschner, 94 Pa. Superior Ct. 252, helpful to the appellant, as there was no averment of default in either of these cases.

The judgment was confessed by an attorney authorized under a warrant executed by the defendant to confess judgment in the event there was a failure to meet any payments when due. There is no contention by the appellant that payments were made in accordance with the terms of the note or that the judgment was confessed for more than was due, or any other equitable matter that would appeal to the conscience of a chancellor: Kahn v. Harlan, 55 Pa. Superior Ct. 568 (572); Kirch v. Crawford, 61 Pa. Superior Ct. 288 (293).

In the argument of this case, a question arose as to the negotiability of the note. The appellant did not raise that point in her statement of the question involved, but as permission was granted to the appellee to file a supplemental brief, we will give expression to our views on that phase of the controversy.

The note authorized a confession of judgment to "the payee or any holder of this note." On the back of the note there appeared the following endorsement:

"For value received, the within note and balance due thereunder of $595 is endorsed without recourse to the Home Credit Company.

National Home Service Co.
By E. R. Dentino, Mgr."

There was no averment that this note was endorsed prior to the accelerated maturity as the result of the failure to meet the payments. The 59th section of the

Act of May 16, 1901, P. L. 194, provides that every holder of a note is deemed to be a holder in due course. If the endorsement of the note is not dated, the presumption is that it was made at the time of the execution of the note (Amsbaugh v. Gearhart Co. & Witman, 11 Pa. 482), or at least before maturity and dishonor: Snyder v. Riley, 6 Pa. 164. The burden of the attack on the negotiability of the note was directed to the warrant of attorney authorizing confession of judgment on failure to meet any payment when due, instead of at maturity.

In the case of Green v. Dick & Shope, 72 Pa. Superior Ct. 266, it was contended that the note was not negotiable because the warrant of attorney authorized a confession of judgment "at any time after the above note became due." Judge HENDERSON held that the negotiable quality of the note was not lost, stating, "It is obvious, however, from a consideration of section 10 (of the Act of 1901, supra) it was not the intention to make the effect of the warrant to confess judgment dependent on the use of the exact language above quoted. The section referred to provides that 'the instrument need not follow the language of this act, but any terms are sufficient which clearly indicate an intention to conform to the requirements hereof.' It was the legislative purpose to provide that an obligation, otherwise negotiable, should not lose its negotiable quality by reason of a warrant of attorney authorizing the confession of judgment after the debt became payable."

It is obvious that it was the intention of the maker of the note that if he failed to comply with its terms, any attorney of record was thereupon authorized to confess judgment against him.

"Maturity" is defined in Bouvier's Law Dictionary, Vol. 2, Third Revision, 1914, p. 2122, as "the time when a bill or note becomes due." Under the terms of the note we are considering, it matured in eighteen

months, if payments were made as required, but in the event of a failure to meet any of the payments when due, the remaining balance became immediately due and the note then matured. If the note had permitted the entry of judgment prior to maturity, it would not be negotiable (Milton Nat. Bank v. Beaver, 25 Pa. Superior Ct. 494; Continental Guaranty Corp. v. Hughes, 81 Pa. Superior Ct. 264), but the acceleration clause providing that the note became due following failure to make a payment does not affect its negotiability.

The great weight of authority is to the effect that a note loses none of its attributes as a negotiable instrument because its due date may be accelerated by defaults of payment: Chicago Rwy. Equip. Co. v. Merchants' Bank, 136 U. S. 268; Clark v. Skeen, 61 Kans. 526, 60 Pac. 327; Mackintosh v. Gibbs, 81 N. J. L. 577, 80 Atl. 554; Hollinshead v. Stuart, 8 N. D. 35, 77 N. W. 89; McDonald v. Mulkey, 231 Pac. 662. For additional citations in support of this proposition, see 3 R. C. L. 909, Sec. 97, and 8 C. J. 139.

We regard the conclusion reached by the lower court as correct. Judgment is affirmed.

DISSENTING OPINION BY KELLER, J., July 10, 1930:

I dissent from the opinion of the court, on the ground that the clause authorizing the confession of judgment in the note in suit was not in conformity with section 5 (2) of the Negotiable Instruments Act of 1901, P. L. 194, and rendered the note non-negotiable.

The note was dated December 19, 1927 and payable "18 months after date," in monthly installments. Instead of "authorizing a confession of judgment if the instrument be not paid at maturity," it authorized a confession of judgment before maturity if any of the monthly installments were not paid, and judgment was confessed on October 16, 1928. The docket entry of

the judgment in the record (1-a) contains a note that it was not *due* until June 19, 1929.

I believe in a strict construction of the provisions of the act relating to negotiability. A creditor may elect whether he desires the advantages of a negotiable instrument or the security of a judgment note, but he cannot have them both, beyond the measure allowed by the statute. If a negotiable note is a "courier without luggage" it should not be encumbered with a load of freight.

If the note was not negotiable, the Home Credit Co. could not authorize judgment to be confessed upon it in its favor. It could only do so in the name of the payee, to its use, and the judgment would then be subject to defenses against the legal plaintiff existing prior to the assignment.

I would strike off the judgment and remit the plaintiff to its action of assumpsit.