## Farmers & Miners National Bank v. Berger et al.

*L. D. Savige*, for plaintiff; *Landau & Nogi*, for defendants.

LEWIS, J., July 18, 1934.—I. Berger, one of the defendants, presented his petition setting forth that on August 14, 1932, Jacob Glazier, Harry Glazier, and Irving Glazier executed a note payable to the order of I. Berger, the petitioner, in the sum of $3,350, payable 3 months after date. Said note was endorsed by Herman Judkovitz and I. Berger and delivered to Farmers & Miners Bank of Forest City. The endorsement reads as follows:

"We, the undersigned endorsers, jointly and severally waive presentment for payment, protest, and notice of protest for nonpayment, and we and each of us

do hereby authorize and empower any attorney of any court of record of Pennsylvania or elsewhere to appear for and enter judgment against us or either of us for the sum of thirty-three hundred fifty and no/100 dollars, the amount of the within note, if not paid at maturity with an attorney's fee of 5% thereof for collection, and we and each of us do hereby waive the benefit of all laws exempting property from levy and sale on execution and the right of inquisition of real estate, voluntarily confessing condemnation thereof, with release of all errors and without stay of execution.

"Dated Aug. 14, 1932.

"HERMAN JUDKOVITZ    (Seal)
"I. BERGER                      (Seal)

"FARMERS & MINERS NATIONAL BANK, FOREST CITY, PA.   (Signed)
"H. L. BAYLESS, Cashier.

"Pay to the order of any bank, banker, or trust company for collection prior endorsements guaranteed 3-4 November 7, 1932.

"3-4 Federal Reserve Bank of Philadelphia, Collection Department.

"Pay to the order of any Federal reserve bank or Federal reserve agent.

"FEDERAL RESERVE BANK OF PHILADELPHIA,
"C. A. MCILHENNY, Cashier."

On October 5, 1933, judgment was entered on said note, endorsed as aforesaid, against I. Berger in the sum of $3,350 by præcipe directed to the prothonotary. The matter at issue is whether or not the prothonotary had authority to enter judgment on the note at issue by virtue of the authority given him by section 28 of the Act of February 24, 1806, 4 Sm. L. 270, which provides as follows:

"It shall be the duty of the prothonotary of any court of record within this commonwealth, on the application of any person being the original holder (or assignee of such holder) of a note, bond, or other instrument of writing, in which judgment is confessed, or containing a warrant for an attorney at law, or other person to confess judgment, to enter judgment against the person or persons, who executed the same for the amount, which, from the face of the instrument, may appear to be due, without the agency of an attorney, or declaration filed".

This court, in the case of Racunas v. Vaughan, 29 Dist. R. 1058, decided: "A judgment entered by the prothonotary for penal sum in a bond with a general warrant of attorney, on the præcipe of plaintiff's attorney in the usual form, is valid.

"Under the Act of Feb. 24, 1806, 4 Sm. Laws, 270, the prothonotary can enter judgment in such cases at mere oral request of plaintiff or any one acting for him."

The main reason assigned and obtained in the rule is that the plaintiff bank is neither the original holder nor assignee of such holder. Upon inspection of the endorsement upon which judgment was confessed, the instrument seems to be complete in itself. The amount of the judgment is clearly stated. There was no alternative left for the prothonotary but to comply with the Act of 1806 and enter judgment in this case.

While it is true that the word "assignment" does not appear in the endorsement, this question has been adjudicated adversely to the contention of the petitioner: Home Credit Co. v. Preston, 99 Pa. Superior Ct. 457.

Section 59 of the Act of May 16, 1901, P. L. 194, provides that every holder of a note is deemed to be a holder in due course, and under the Negotiable Instruments Law the term "holder" is much broader in its meaning and includes

the term "assignee": Oberlin, to use, v. Parry, 287 Pa. 224, paragraph 5 of the syllabus of which reads as follows:

"The term 'holder' under the Negotiable Instruments Act is much broader than the term assignee, but, where the holder is the endorsee or bearer, and delivery is made to him by the original payee, it is as the latter's assignee that he takes."

It is true that in that case there was a formal assignment. However, as we view the law and the trend of the times, we base our decision on the broad ground that judgment can be entered on a note as in this case, without the formality of an assignment.

The entry of the judgment in this case was proper. Hence, the motion cannot prevail.

Now, therefore, July 18, 1934, the rule to strike off judgment is discharged.