Opinion by
Watkins, J.,
This is an appeal from the order of the Court of Common Pleas of Clearfield County refusing to open judgment entered by confession in favor of E. Eugene Monnoyer, plaintiff-appellee, and against James A. Gaffney, the defendant-appellant.
This action arose out of an agreement between the parties whereby the plaintiff sold and the defendant purchased 308.3 shares of common stock of Community Consumer Discount Company of Dubois, Pennsylvania, for the purchase price of $101,000.00, with $51,000.00 as a down payment and the balance to be paid within twenty years with interest at 4% per annum in monthly installments on the 10th day of each and every month.
Pursuant to the agreement, the parties entered into a judgment note with regard to the balance of the purchase price, which judgment note contained the usual clause of confession with warrant of attorney together with acceleration of payments in the event of the default of any payment.
The parties further entered into an Hypothecation Agreement for the payment of the balance of the purchase price whereby the payments were to be made to the DuBois Deposit National Bank, which provided that in the event of default, the Bank could if it desired seal the deposited collateral security and make application of profits in accordance with the agreement. The Hypothecation Agreement reads as follows:
“Hypothecation Agreement”
May 8, 1961
“To: DuBois Deposit National Bank DuBois, Pennsylvania
“The undersigned hereby hypothecates, pledges and delivers to you stock certificates for 308.3 shares of the capital stock of Community Consumer Discount Com *171 pany, a Pennsylvania corporation having its principal office in the City of Dubois, Pennsylvania, which shares belong to the undersigned and shall be collateral to secure the obligation of the undersigned to E. Eugene Monmoyer in the principal amount of Fifty-one Thousand ($51,000.00) Dollars, evidenced by the note of undersigned bearing even date herewith, payable to the order of the said E. Eugene Monmoyer within twenty (20) years from said date in equal successive monthly principal payments, with interest at the rate of 4%% per annum, on the 10th day of each month.
The undersigned stipulates that the said securities shall be subject to disposition by you in accordance with the terms and conditions of the agreement between the undersigned and E. Eugene Monmoyer dated May 2, 1961, under the terms of which the said 308.3 shares of the Community Consumer Discount Company capital stock were purchased by the undersigned. The undersigned further authorizes you, in the event of default in the payment of the said note or any installment thereof, to sell the said collateral or any part thereof at public or private sale and assign, transfer and deliver the whole or any part of said collateral to the purchaser freed and discharged of any equity or redemption. After deducting all legal or other costs and expenses of collection, sale and delivery, you shall apply the residue of the proceeds of such sale or sales to pay the obligation evidenced by said note, returning the surplus, if any, to the undersigned, but if there is a deficiency the undersigned shall remain liable for the amount unpaid.”
The Judgment Note in question dated May, 1961, read:
“Fob Value Received, I, the undersigned, promise to pay to the order of E. Eugene Monmoyer, of the City of DuBois, Clearfield County, Pennsylvania, the sum of Fifty-one Thousand ($51,000.00) Dollars within *172 twenty (20) years from the date hereof in equal successive monthly principal installment, with interest at the rate of upon the unpaid balance of principal, on the 10th day of each month at the principal office of the DuBois Deposit National Bank, DuBois, Pennsylvania, or at such other place as the payee shall designate in writing. The undersigned authorizes the Prothonotary or any attorney of any court of record, if this note or any installment is not paid when due, to appear for and confess judgment against him for the entire unpaid balance of principal and accrued interest, with or without declaration, with costs of suit, without stay of execution and with an attorney’s fee of 5%, and releases all errors in connection with such action. The undersigned waives the right of inquisition of any real estate levied on, voluntarily condemns it and authorizes the prothonotary to enter such condemnation upon the writ of execution. The undersigned waives and releases all relief from all appraisement, stay and exemption laws now in force or hereinafter enacted.
“The undersigned shall have the right to anticipate payment of any part or all of the said principal sum at any time.
“This note is secured by a separate hypothecation agreement, dated concurrently herewith, between the undersigned and the payee.”
The defendant paid all the installments as required by the contract on the due date with the exception of the installment due in May, 1970, which was made one day late and the installment due in November, 1970, which was made seven days late.
The burden was clearly on the defendant to meet his contractual obligation on the due date and unless the circumstances were such that a course of conduct by the plaintiff lulled him into a false sense of security as to irregular payments, he must take the consequences for any default. From a practical standpoint, the de *173 fendant should have known that a great change in interest rates took place from 1961 to 1970 and the Court may take judicial notice of that fact, so that the defendant should have been especially alert. There is nothing inherently illegal in the plaintiff exercising his option to enter judgment in the case of default by the defendant even if the reason is to try to obtain a higher rate of interest for his investment. It was good business under the very terms of the contract.
The plaintiff wrote to the defendant on the seventh day of default as follows:
"November 17, 1970
Mr. James A. Gaffney 206 South State Street DuBois, Pennsylvania
Notice
"At 11:08 a.m., on November 17, 1970, I caused judgment to be entered against you in the Court of Common Pleas of Clearfield County, Pennsylvania, at No. 477, October Term, 1970, pursuant to the provisions of your judgment note to my order dated May 8, 1961, in the original amount of $51,000.00. The judgment was entered for the principal amount of $26,987.50, attorney’s commission of five (5) percent or $1,349.37, interest at 4%% from October 10 to November 10, 1970, or $95.58, interest at 4%% on $26,987.50 from November 10 to November 17, 1970, and interest after November 17,1970, at the rate of six (6%) per cent per annum on the principal balance of $26,987.50.
This notice is sent to you to comply with Pennsylvania Rule of Civil Procedure No. 2958, effective January 1, 1970.”
The plaintiff then filed a complaint which alleged, inter alia, that "The defendant is in default in the principal and interest installment due under the terms of said judgment note on November 10, 1970, in the *174 amount of $308.08” and demanded judgment for the accelerated balance. The plaintiff then entered judgment by confession on the warrant of attorney in the judgment note. The defendant then petitioned for a rule to show cause why the judgment should not be opened which was denied by the court below. This appeal followed.
The court below refused to permit testimony that prior to the default of November, there had been a one-day default when the Bank had warned the defendant that the delay in payment was “dangerous”. The defendant attempted to use the plaintiff’s indulgence in the one-day default as a course of conduct that lulled the defendant into a false sense of security and that the Bank had been instructed not to give notice of default. This is fatuous, in view of the warning.
The court below said:
“. . . we are constrained to find for plaintiff in that to do otherwise would be to radically change the contract between the parties without legal or factual foundation to do so. In Home Credit Co. v. Preston, 99 Pa. Superior Ct. 457, it was declared and held as follows:
“The defendant gave a note on December 9, 1927, payable eighteen months after date, in monthly installments. It contained the following provision: ‘Failure to meet any payments when due shall render the installment feature of this obligation void and the remaining balance shall become immediately due and payable;’ and authorized, in event of default, any attorney to appear and confess judgment.” At page 461, the Court said: “ ‘Maturity’ is defined in Bouvier’s Law Dictionary, Yol. 2, Third Revision, 1914, p. 2122, as ‘the time when a bill or note becomes due.’ Under the terms of the note we are considering, it matured in eighteen months, if payments were made as required, but in the event of a failure to meet any of the payments when *175 due, the remaining balance became immediately due and the note then matured.”
The case of Knable v. Bradley, 130 Pa. 153, 212 A. 2d 221 (1968), upon which the defendant relies is in-apposite. In that case the irregular payments were made over a period of three years without complaint and unlike the instant case, the result was a forfeiture while here it is merely an acceleration of payment. There is nothing in the contract or in the Hypothecation Agreement calling for notice by the Bank to the defendant. The notice by the Bank was a gratuitous action and had no binding effect on the plaintiff. This is particularly trae in that the past notice was not of the due date but of default.
The contention that a creditor is bound to refer to the collateral before proceeding to judgment is without merit. The creditor has two remedies: one, by suit and one against the collateral. Ritter v. Henning, 10 Pa. Superior Ct. 458, 463 (1899).
As to the argument concerning the fact that the late check, although not cashed, was not returned and so amounted to payment is also without merit. Such a ruling would constitute a waiver of the right to enforce payment of the amount due. There was no agreement to that effect and the petition to open does not aver it. Paying a less sum will not defeat a claim for the balance in the absence of an expressed or implied agreement to that effect. Lovekin v. Fairbanks Morse Co., 282 Pa. 100, 102, 127 Atl. 150 (1925).
Order affirmed.