### Westport National Bank v. Karsnak

*Scales & Shaw,* for plaintiff.
*Dom Meffe,* for defendant.

SCULCO, J., February 15, 1973.—This matter is before the court en banc on plaintiff's motion for judgment on the pleadings. A summary of the facts in this case is as follows.

On March 22, 1971, defendant G. E. Karsnak, alias dictus George E. Karsnak, did make, sign and duly execute a general power of attorney making, constituting and appointing one T. W. Mitchell his attorney in fact. Defendant Karsnak did authorize his attorney in fact to, inter alia:

"3. Draw, make, execute and deliver any and all checks, drafts, promissory notes and other instruments for the payment of money payable by or at the Bank, and give any orders or direction by letter, telegram or otherwise for the withdrawal, transfer or other disposition of any funds at any time(s) held by the Bank on deposit or otherwise available to the Principal."

Said general power of attorney was filed with plaintiff, Westport National Bank, and on various occasions defendant's attorney in fact, T. W. Mitchell, did exercise his authority and did enter into agreements with plaintiff in the name of and on behalf of defendant for certain sums of money. Defendant's failure to repay the sums forwarded him through these transactions constitutes the basis of this complaint. The transactions in question are as follows:

| Date | Date Payable | Amount | Interest Per Annum |
|------|--------------|--------|--------------------|
| | *Count I* | | |
| 17 May, 1971 | 80 days after date | $ 3,000 | 7.5% |
| | *Count II* | | |
| 21 June, 1971 | 60 days after date | $ 4,400 | 7.5% |

*Count III*
17 July, 1971 42 days after date    $ 7,500    7.5%

*Count IV*
21 July, 1971 40 days after date    $20,600    7.5%

*Count V*
26 July, 1971 35 days after date    $14,000    7.5%

*Count VI*
29 July, 1971 32 days after date    $ 8,650    7.5%

Count No. VII of plaintiff's complaint is based upon a note dated November 4, 1971, in which defendant personally, along with various other individuals, did jointly and severally promise to pay plaintiff bank at its office in Westport, Conn., $104,000 at 7½ percent interest per annum for value received from plaintiff bank. This note contained the following default provision:

"In the event of any default in the payment of any installment of principal or interest on this note and such default continuing for a period of ten (10) days after the due date thereof, then at the option of the holder of this note, the entire amount of principal and interest remaining unpaid shall immediately become due and payable without notice."

On November 25, 1971, the first payment on the note dated November 4, 1971, became due and defendant failed to make payment even though payment had been demanded by plaintiff. Defendant has continually failed to make any payment to plaintiff.

It is upon these facts that plaintiff on August 11, 1972, commenced this action.

On October 5, 1972, defendant did file an answer to

plaintiff's complaint wherein defendant, concerning counts I through VI, did allege, inter alia, that upon agreement of the representatives of plaintiff bank, attorney in fact Mitchell, and defendant Karsnak, this general power of attorney was limited to $50,000. Defendant also purported that certain airplanes were to be held as collateral for portions of each loan made pursuant to the general power of attorney.

Defendant further answered that he was not aware of certain advances being made pursuant to a power of attorney, that he denied liability for the sums due on the notes, and that he denied responsibility for any cost of collection since, in this instant matter, these costs are based upon a percentage and no percentage was ever agreed upon.

Defendant's answer to allegations constituting count No. VII, except to admit identity of defendant, neither admitted nor denied plaintiff's statements.

Interrogatories were submitted by defendant to plaintiff and plaintiff subsequently filed answers thereto.

On October 5, 1972, plaintiff motioned for judgment on the pleadings alleging:

## COUNTS I THROUGH VI

That defendant, in his answers, alleged matters with regard to the written general power of attorney and the written promissory notes which are contrary to the parol evidence rule without alleging any matters which would take the case out of said rule.

## COUNT VII

That the alleged matters of the seventh count are neither admitted nor denied and, in the absence of a proper denial, plaintiff is entitled to judgment.

## COUNTS I THROUGH VI

The crux of plaintiff's argument for granting its judgment on the pleadings arises from defendant's answer of the existence of an oral understanding or oral agreement that the power of attorney did authorize T. W. Mitchell, attorney in fact, to exercise his powers under such instrument to a ceiling of $50,-000.

This question of whether or not there was an integration of the oral agreement and the written power of attorney is one of law for the court to decide: Harrison v. Soffer, 221 Pa. Superior Ct. 275 (1972).

The oral agreement as alleged by defendant would certainly be inconsistent with the terms of the written general power of attorney signed by defendant. Through this general power of attorney defendant invested one T. W. Mitchell, attorney in fact, with the authority to:

"Draw, make, execute and deliver any and all checks, drafts, promissory notes and other instruments for the payment of money payable by or at the Bank, and give any orders or directions by letter, telegram or otherwise for the withdrawal, transfer or other disposition of any funds at any time(s) held by the Bank on deposit or otherwise available to the Principal," and notes constituting counts I through VI are executed on the authority of same. There is no limitation, monetary or otherwise, on the face of the instrument indicating a restraint or limitation upon the powers of the attorney in fact.

Defendant's allegation of oral modification of the general authority with which he invested his attorney in fact smacks directly contra the court's dictates in Gianni v. Russell and Co., Inc., 281 Pa. 320 (1924), where the court stated:

" 'Where parties, without any fraud or mistake, have

deliberately put their engagements in writing, the law declares the writing to be not only the best, but the only, evidence of their agreement' (citing cases). 'All preliminary negotiations, conversations and verbal agreements are merged in and superseded by the subsequent written contract . . . and unless fraud, accident or mistake be averred, the writing constitutes the agreement between the parties, and its terms cannot be added to nor subtracted from by parol evidence.'"

The Gianni case further sets forth that:

"In cases of this kind, where the cause of action rests entirely on an alleged oral understanding concerning a subject which is dealt with in a written contract, it is presumed that the writing was intended to set forth the entire agreement as to that particular subject. 'In deciding upon this intent . . . the chief and most satisfactory index . . . is found in the circumstances whether or not the particular element of the alleged extrinsic negotiation is dealt with at all in the writing.'"

In the instant matter, the writing and the very nature of the general power of attorney specifically covered this area of alleged oral negotiation. Defendant, therefore, in his answers has failed to aver statements of fact which would loosen this matter from the grip of the parol evidence rule.

## COUNT VII

The final note involved in this suit dated November 4, 1971, was not signed by defendant's attorney in fact but by defendant himself.

In his answer to plaintiff's allegations of liability on default of this instrument, defendant, except to admit his proper identification, neither admitted nor denied the allegations of count VII.

Plaintiff properly identified all parties to this action, alleged a written agreement with specified terms, attached copies of same to his complaint, alleged breach of said terms and default of payment by defendant, set forth terms applicable to defendant upon defendant's default, and requested recovery due on defendant's default. This court clearly and substantially informed defendant of the action against him so as to permit defendant to enter an adequate answer. Plaintiff has presented a prima facie case.

Defendant answered the allegations in count VII with the noncommittal language of:

"The allegations of paragraph . . . are neither admitted nor denied."

Pennsylvania Rule of Civil Procedure 1029(a) states that:

"A responsive pleading shall admit or deny the averments of fact in the preceding pleading or part thereof to which it is responsive."

Section (b) of rule 1029 states further that:

"Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication. A general denial or a demand for proof, except as provided by subdivision (c) of this rule, shall have the effect of an admission."

The tenor of the language used by defendant in his answer to the seventh count of plaintiff's complaint failed to mold the answer into a sufficient denial of plaintiff's allegations; thus, defendant's response must be viewed, in effect, as having admitted the allegations of this count.

## COUNTS I THROUGH VII

Defendant's final avenue of approach applicable to the seven counts of plaintiff's complaint rests upon an

alleged existence of an oral understanding between the parties concerning the existence of certain collateral to be used as the basis of each loan acquired by defendant.

Defendant argues, inter alia, that if the collateral upon which this loan is based were sold, the proceeds from such sale would have covered the amounts of the loans in question; and, further, defendant implies that plaintiff must proceed in an action against the collateral prior to commencing an action against defendant.

Assuming arguendo that the loans were based upon the existence of certain collateral, defendant's argument is not substantiated by case law:

"The contention that a creditor is bound to refer to the collateral before proceeding to judgment is without merit. The creditor has two remedies: one, by suit and one against the collateral": (citing Ritter v. Henning, 10 Pa. Superior Ct. 458, 463 (1899)); Monnoyer v. Gaffney, 222 Pa. Superior Ct. 168 (1972).

Scrutinization of the complaint, the answers to the complaint, and answers to interrogatories in this matter show that there is no genuine issue as to any material fact; consequently plaintiff is entitled to judgment as a matter of law.

This court, therefore, enters the following

## ORDER OF COURT

And now, February 15, 1973, after due and careful consideration of the complaint, answers thereto, answers to interrogatories, and briefs submitted in this matter, it is hereby ordered, adjudged and decreed that plaintiff's motion for judgment on the pleadings be and the same hereby is granted; it is further ordered, adjudged and decreed that the Prothonotary of West-

moreland County shall enter judgment in this matter in favor of plaintiff and against defendant.

## AMENDED ORDER OF COURT

SCULCO, J., March 8, 1973.—And now, *to wit* March 8, 1973, the order of court of February 15, 1973, is hereby amended by adding thereto the following:

The Prothonotary of Westmoreland County shall enter judgments in favor of plaintiff and against defendant as follows:

(a) $3,000 with interest at 7½ percent per annum from November 5, 1971, and costs of suit;

(b) $4,400 with interest at 7½ percent per annum from November 5, 1971, and costs of suit;

(c) $7,500 with interest at 7½ percent per annum from November 5, 1971, and costs of suit;

(d) $20,600 with interest at 7½ percent per annum from November 5, 1971, and costs of suit;

(e) $14,000 with interest at 7½ percent per annum from November 5, 1971, and costs of suit;

(f) $8,650 with interest at 7½ percent per annum from November 5, 1971, and costs of suit;

(g) $104,000 with interest at 7½ percent per annum from November 4, 1971, and costs of suit;

(h) Together with attorney's fees totalling $1,500.