## Interstate Contracting Co., Inc., to use, v. Mager. No. 2

*Sidney Krawitz*, for plaintiffs.
*Clifton A. Cloud*, for defendants.

SHULL, P. J., December 14, 1943. — This matter comes before the court upon a rule to show cause why judgment should not be stricken from the record.

It is, of course, fundamental that a judgment may be stricken from the record only for defects apparent upon the face of the judgment. In this case it is alleged by petitioners in the rule that the judgment before us was entered upon a note, confessing judgment, given by petitioner defendants to the Interstate Contracting Company, Inc.; that by the Interstate Contracting Company, Inc., it was assigned to the Hillside National Bank; that the judgment, as entered, appears upon the record "Interstate Contracting Co., Inc., to the use of Hillside National Bank, v. Frank Mager and Esther Mager", and is entered to no. 32, February term, 1942, in the Court of Common Pleas of Pike County. It is contended by these petitioner defendants that the entry of this judgment "to the use of Hillside National Bank" is in contravention of Rule 2002, sections (*a*) and (*b*), of the Pennsylvania Rules of Civil Procedure. With this contention we cannot agree. Sections (*a*) and (*b*) of Rule 2002 provide as follows:

"(*a*) Except as otherwise provided in clauses (b), (c) and (d) of this rule, all actions shall be prosecuted by and in the name of the real party in interest, without distinction between contracts under seal and parol contracts.

"(*b*) A plaintiff may sue in his own name without joining as plaintiff or use-plaintiff any person beneficially interested when such plaintiff

"(1) is acting in a fiduciary or representative capacity, which capacity is disclosed in the caption and in the plaintiff's initial pleading; or

"(2) is a person with whom or in whose name a contract has been made for the benefit of another."

It relates to actions at law. The judgment in this case was a confessed judgment, and not a judgment obtained

in an action at law; therefore, the Rules of Civil Procedure have no application to a judgment of this character. Under Rule 2002, in an action brought by a party in interest, the record of the trial would make all matters touching and concerning it perfectly clear, and the basis of the judgment would there be disclosed. In the instance of a note confessing judgment, which note is later assigned by the payee and by the assignee entered, it is well that the face of the judgment disclose the course the note followed prior to the actual entry of judgment, otherwise the record would be barren of facts justifying a judgment in favor of such assignee.

The second contention of the petitioner defendants is that the entry of this judgment is in contravention of section 200(1) of the Soldiers' and Sailors' Civil Relief Act of October 17, 1940, 54 Stat. at L. 1178. Section 200(1) of the Soldiers' and Sailors' Civil Relief Act relates to judgments by default, and relates particularly to a judgment which under our laws might be entered by reason of the failure of a defendant to appear. This, again, relates to actions at law and has no relation whatever to the entry of a judgment on a note in which judgment is confessed or in which the confession of judgment is authorized. While the provisions of the Soldiers' and Sailors' Civil Relief Act might well apply to process issued to the end of collecting the amount due on the judgment, this act has no relation whatever to the entry of judgment itself.

We can find nothing in this which would warrant the court in opening this judgment on the basis that there were defects apparent on the face of the judgment; and, in view of the fact that this judgment has heretofore been before this court upon a rule to show cause why the same should not be opened, which rule was determined adversely to these defendants (51 D. & C. 113), and this, under the law, could well be held as a waiver of defects apparent upon the face of the record

itself, there is nothing presented to us which would move this court to strike off this judgment.

And now, December 14, 1943, rule to show cause why judgment should not be stricken off is dismissed.