## Kolf *v.* Lieberman et al., Appellants.

*Judgment—Married women—Principal and surety—Striking off —Confessed judgment—Failure to aver default—Burden of proof.*

1. A confession of judgment by a married woman is prima facie valid.

2. If it is contended that a judgment confessed by a married woman constitutes a guaranty of the debt of another and consequently is void, the contention is a matter of defense, and the

burden is on the person seeking relief to show the presence of circumstances sufficient to relieve the married woman's liability.

3. Where a warrant in a bond authorizes an attorney of record to enter judgment "after default," failure to aver default on entry of a judgment is fatal, and the judgment will be stricken off.

Argued January 20, 1925. Appeal, No. 248, Jan. T., 1925, by defendants, from order of C. P. No. 1, Phila. Co., Sept. T., 1924, No. 11804, discharging rule to strike off judgment in case of Peter S. Kolf v. Ida Lieberman, wife of David Lieberman, and Philip N. Barlow. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Reversed.

Rule to strike off judgment. Before McDEVITT, J. The opinion of the Supreme Court states the facts. Rule discharged. Defendant appealed.

*Error assigned* was, inter alia, order, quoting record.

*Edward H. Cushman,* for appellants.—An indemnity bond, which shows on its face that it is an obligation of a married woman to become surety for another, is invalid: Saupp v. Streit, 258 Pa. 211; Class & Nachod Brewing Co. v. Rago, 240 Pa. 470; Murray v. McDonald, 236 Pa. 26; Harley v. Leonard, 4 Pa. Superior Ct. 431.

An averment of default was an essential prerequisite to the entry of judgment on the bond filed in this case: Eddy v. Smiley, 26 Pa. Superior Ct. 318; Agricultural Trust Co. v. Brubaker, 73 Pa. Superior Ct. 468; Stewart v. Jackson, 181 Pa. 549; Kahn v. Harlan, 55 Pa. Superior Ct. 568; Saupp v. Streit, 258 Pa. 211; Patterson v. Pyle, 1 Monaghan 351.

*Samuel A. Goldberg,* with him *Wolf, Patterson, Block & Schorr,* for appellee, cited: Bank v. Poore, 231 Pa. 362; McGarrity v. McMahon, 240 Pa. 553; Stahr v. Brewer, 186 Pa. 623; Oberly v. Oberly, 190 Pa. 341; Algeo v. Fries, 24 Pa. Superior Ct. 427; Whitney v.

Hopkins, 135 Pa. 246; Kahn v. Harlan, 55 Pa. Superior Ct. 568; Kirch v. Crawford, 61 Pa. Superior Ct. 288.

OPINION BY MR. JUSTICE FRAZER, February 9, 1925:

On August 19, 1924, defendants executed a bond in the sum of $30,000, conditioned for the payment of two mortgages, one given by a third person to plaintiff, the obligee in the bond, and the other secured on premises conveyed to plaintiff. The bond was entered of record November 25, 1924, and defendants entered a rule to strike off the judgment, averring the obligation showed on its face that one of defendants was a married woman and had made herself liable as surety for a third person, and further that judgment was entered without affidavit or averment of default. The court below discharged the rule and defendant appealed.

The bond recites that "We, Ida Lieberman, wife of David Lieberman, and Philip N. Barlow......are held and bound," etc., to carry out its provisions. The contention is, this statement shows on its face that Ida Lieberman is a married woman and as such entered into a contract to secure the debt of another, contrary to the provisions of the acts of assembly which prevent a married woman from becoming guarantor or surety for another. We are not bound to assume, from the mere recital in the bond, that the transaction was one of suretyship for the debt of another. A confession of a judgment by a married woman is prima facie valid, and, if it is contended the transaction in fact constitutes a guaranty of the debt of a third person and consequently void, the contention is a matter of defense and the burden rests on the person seeking relief to show the presence of circumstances sufficient to relieve the married woman from liability: Stahr v. Brewer, 186 Pa. 623; Oberly v. Oberly, 190 Pa. 341. While, in the present case, the transaction stated in the bond would indicate the contract to be one of suretyship, yet the real

facts when disclosed may show an entirely different situation.

We are of opinion, however, that the court below erred in sustaining the entry of judgment on the bond without an averment of default. In entering judgment under a warrant of attorney it is a well-settled rule that the authority given thereunder must be strictly followed or the judgment cannot be sustained. In the present case, the bond was to secure the payment of the principal debt in designated mortgages "at the time and in the manner as in said mortgages stipulated," and the warrant authorized any attorney of record to enter judgment "after default." No averment of default was filed nor is there anything tending to indicate such delinquency. The bond showed on its face that one of the mortgages was dated August 19, 1924, the same date on which the bond was executed, and became payable in one year, while the other was dated July 3, 1924, and nothing appears to show when it became due. Accordingly, on the face of the record, no default is apparent. Under these circumstances it was necessary, before a valid judgment could be entered, to file an averment stating in what respects a default had occurred.

The cases of Kahn v. Harlan, 55 Pa. Superior Ct. 568, and Kirch v. Crawford, 61 Pa. Superior Ct. 288, cited by plaintiff are distinguishable on the ground that in the first there was an appearance by an attorney for defendant who, in the confession of judgment, set forth it was entered "for the amount remaining due and unpaid under the lease," giving the items, while in the second a statement was filed with the confession of judgment stating the amount due.

The judgment is reversed and the rule to strike off the judgment made absolute.