Drey St. M. Co. for Use *v.* Nevling, Appellant.

Argued April 18, 1932.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*F. B. Trescher* of *Kunkle, Walthour & Trescher,* for appellant.

*Rabe F. Marsh, Jr.,* for appellee.

OPINION BY KELLER, J., July 14, 1932:

Defendant appeals from the order of the court below refusing to strike off a judgment entered by the prothonotary pursuant to the Act of February 24, 1806, 4 Sm. L. 278, upon a note authorizing the confession of judgment "for the amount, which, from the face of the instrument, may appear to be due."

We think the case was rightly decided on the authority of Whitney v. Hopkins, 135 Pa. 246, decided in 1890, and approved by the Supreme Court as late as 1926, in Pacific Lumber Co. v. Rodd, 287 Pa. 454, 458.

In Whitney v. Hopkins, as in this case, the obligation was for a definite amount, payable in instalments, with a provision that in case of default in the payments, the obligor confessed judgment for the whole amount unpaid. The prothonotary entered judgment for the whole amount called for by the instrument, less the credits endorsed upon it. The defendant obtained a rule to strike off the judgment on the ground that it was improperly entered by the prothonotary. In affirming the court below, which discharged the rule, the Supreme Court said: "When this contract was presented to the prothonotary, two questions were suggested for his consideration. The first grew out of the terms of the confession. Had the maker made default in any payment for the space of three months? The second arose from the words of the Act of 1806. Could the amount due be ascertained from the face of the instrument? If both questions could be answered affirmatively, the judgment could be entered. If either could not be so answered, the prothonotary had no power in the premises. The possession of an instrument in writing for the payment of money affords proof, prima facie, of a right in the holder to recover upon it according to its terms. The holder is not required to prove that it has not been paid. His case is made by the production of the instrument in the first

instance, and the burden of showing payment is on him who alleges it. Whether the instrument be a note, a bond, or a contract, like that on which this judgment was entered, the rules of evidence are the same. The instrument makes for the holder a case, prima facie, on which he could recover before a jury, or have a judgment entered by virtue of the power of attorney. Both the default and the amount due were ascertainable in the first instance from the face of the instrument. If payments had been made that did not appear on the paper, so that there was in fact no default, the court would on application hear the defendant's proofs, and strike off the judgment; but, until the prima facies of the instrument is overcome by proof, the judgment must stand. The trouble with the appellant's case is that the general rule which he invokes [that, if the amount due cannot be ascertained from the face of the instrument, the prothonotary cannot enter judgment upon it, for the Act of 1806 gives him no power to inquire beyond] is not applicable upon the facts of this case. The instrument was within the Act of 1806, and upon its face it was practicable for the prothonotary to determine the existence of a default, and the amount due to the holder. The judgment was rightly entered, and the rule to strike it off was rightly refused.'' See also, Latrobe B. & L. Assn. v. Fritz, 152 Pa. 224, 230.

The case may be distinguished on its facts from those relied on by the appellant.

In Connay v. Halstead, 73 Pa. 354, the amount of of the judgment authorized to be confessed had to be ascertained by a survey of land.

In Schwartz v. Sher, 299 Pa. 423, the amount of rent for which judgment was authorized to be confessed was dependent on the date when an addition under construction was completed.

In Orner v. Hurwitch, 97 Pa. Superior Ct. 263, the plaintiff's compensation for which judgment was au-

thorized to be confessed was dependent on a sale of real estate made as a result of his efforts.

In Kahn v. Harlan, 55 Pa. Superior Ct. 568, the judgment was confessed by an attorney. The warrant authorized the confession of judgment for any amount due and unpaid, but no definite amount was fixed in the instrument.

In Jordan v. Kirschner, 94 Pa. Superior Ct. 252, judgment was authorized to be entered not only for a failure to pay the rent due, but also for failure to keep all the covenants of the lease, or to remove from the premises at the termination of the same.

In Kolf v. Lieberman, 282 Pa. 479, the bond in question was given to secure payment of the principal debt in two designated mortgages "at the time and in the manner as in said mortgages stipulated." The warrant authorized the confession of judgment after default; but the bond did not show when one of the mortgages became due, and on the face of the record, therefore, no default was apparent. Reference had to be made to the mortgages to find out the time and manner of payment.

The clause of acceleration in the event of failure to pay instalments as due was legal, and authorized the confession of judgment for the entire amount: Whitney v. Hopkins, supra; Home Credit Assn. v. Preston, 99 Pa. Superior Ct. 457. The filing of the note with the prothonotary evidenced the holder's election to take advantage of the acceleration clause.

The assignment of error is overruled and the order is affirmed at the costs of the appellant.