Grant Constr. Co. for Use, Appellant, *v.*
Stokes et ux.

Argued April 21, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADT-FELD, PARKER and JAMES, JJ.

*William S. Doty,* and with him *Thomas A. Thornton,* of *Doty and Thornton,* and *Jos. W. Humphrey* and *Ray W. Humphrey,* of *Humphrey & Humphrey,* for appellant.

*Clyde Holt,* and with him *Richard S. Holt* and *Harry B. Richardson,* of *Holt, Holt & Richardson,* for appellee.

OPINION BY PARKER, J., July 14. 1933:

This is an appeal from an order making absolute a rule to strike off a judgment entered in favor of the plaintiff.

The defendant executed and delivered to the legal plaintiff a note dated July 23, 1929, for $462, payable "in 18 monthly installments of $25.70 dollars each, beginning on the 10th day of September, 1929, and continuing on the same day of each and every month thereafter until the full amount" thereof was paid. The note contained the following provision: "Failure to meet any payment when due shall render the installment feature of this obligation void and the remaining balance shall become immediately due and payable," and authorized any attorney, in the event of such default, to appear and confess judgment for the balance due, with attorney's fees for collection. A declaration filed with the confession of judgment on October 25, 1929, itemized the claim as "Debt $462, Atty's. Com. $69.30, interest from date of maturity," attached the original note, and averred: "The plaintiff claims that the above single bill remains due and unpaid." The confession of judgment for $531.30 was by an attorney on behalf of the defendant and again itemized the claim as in the declaration.

The learned court below first discharged the rule, relying on the case of Home Credit Co. v. Preston, 99 Pa. Superior Ct. 457, but upon petition for reargument came to a different conclusion and made the rule absolute, then holding that an allegation of default was not averred and referring to the cases of Jordan v. Kirschner, 94 Pa. Superior Ct. 252, and Kolf v. Lieberman, 282 Pa. 479, 128 A. 122. The first impression of the lower court was the correct one, as the case is clearly ruled by Home Credit Co. v. Preston, supra.

In an opinion filed in the court of common pleas, that court said: "In the present case there is no allegation of default at all, and the only statement contained in the confession of judgment which would even tend to indicate a default is the statement that the plaintiff claims that the above single bill remains due

and unpaid, and in our opinion this is not a sufficient statement of a default to authorize a confession of judgment.'' It is true that the word ''default'' was not used in the declaration, but nevertheless a default was averred. The original note was made a part of the statement, and a reference thereto disclosed that two payments were past due when the judgment was confessed. It was specifically averred that the entire debt of $462 was not only due but was unpaid, which was equivalent to saying that the installments due September 10 and October 10 were unpaid. ''The clause of acceleration in the event of failure to pay installments as due was legal, and authorized the confession of judgment for the entire amount: Whitney v. Hopkins, supra [135 Pa. 246, 19 A. 1075]; Home Credit Assn. v. Preston, 99 Pa. Superior Ct. 457. The filing of the note with the prothonotary evidenced the holder's election to take advantage of the acceleration clause'': Drey St. M. Co. v. Nevling, 106 Pa. Superior Ct. 42, 45, 161 A. 880.

The default here was as to a money payment, and there was not any other covenant in the note than for the payment of principal and interest, the whole of which was alleged to be unpaid. In addition, the original note, an instrument in writing, having been produced by the plaintiff and made a part of the confession and declaration, plaintiff made out a prima facie case on which he was entitled to have a judgment entered by virtue of the power of attorney just as he would have been entitled to recover in a like situation before a jury: Drey St. M. Co. v. Nevling, supra.

The cases cited by appellee and depended upon by the court below are easily distinguished. In Kolf v. Lieberman, supra, the bond in question was to secure the payment of the principal debt in two designated mortgages ''at the time and in the manner as in said mortgages stipulated,'' and the warrant authorized

any attorney of record to enter judgment after default. While one of the mortgages was dated the same day as the bond, there was nothing on the record to show when the other mortgage became due, and consequently no default was disclosed by the record attacked. In short, the record was not self-sustaining. In Jordan v. Kirschner, supra, judgment was authorized to be entered on failure to pay the rent due, or failure to keep all the covenants of the lease, or failure to remove from the premises at the termination of the same. There was not anything on the record to show that a default had occurred.

In the instant case, the judgment was confessed by an attorney who filed his warrant, from which it appeared that he was acting within the apparent scope of the authority conferred upon him. The defendant did not deny that he was in default; neither did he allege or show any abuse of the warrant or any legal or equitable ground for relief. There was not here any such patent defect or irregularity exhibited by the record as to render the confessed judgment absolutely void and justify the action of the court below in striking it from the record. The case is ruled by Home Credit Co. v. Preston, supra; Whitney v. Hopkins, 135 Pa. 246; Kahn v. Harlan, 55 Pa. Superior Ct. 568; and Drey St. M. Co. v. Nevling, supra.

The order making absolute the rule to strike off the judgment is reversed, and the court below is directed to discharge the rule, the costs of this appeal to be paid by the appellee.