Merchants National Bank of Butler, to use, *v.* Smulovitz, Appellant.

254

Argued April 8, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*John B. Brooks,* with him *Brooks, Curtze & Silin,* for appellant.

*S. L. Gilson,* with him *Lyman C. Shreve,* for appellee.

OPINION BY RHODES, J., July 19, 1946:

Defendant has appealed from the discharge of his rule to strike off a judgment. The judgment was entered with leave of court on a warrant of attorney contained in a judgment note. Defendant moved to strike off the judgment but thereafter withdrawal of the motion to strike off was allowed on application to the court below. Defendant then presented a petition to open the judgment in which he alleged that the note was a forgery. The rule granted on the petition to open was made absolute, and an issue was awarded with directions as to what should constitute the pleadings. Nothing further was done to dispose of the matter until defendant without notice directed the prothonotary to enter judgment of non pros. under a rule of court. Subsequently on motion the judgment of non pros. was stricken off.

Although the judgment had been opened at the instance of the defendant and no disposition made of the issue awarded, he filed a second motion to strike off the judgment in which he set forth certain alleged irregularities. It is from the discharge of his rule to strike off that he has appealed.

We think defendant has waived those irregularities in the entry of the judgment which might have been attacked in his first motion to strike off. We have frequently stated that "one who moves to open a judgment and be let into a defense on the merits will be held to have waived irregularities in the entry of the judgment, which might have been attacked by a motion to strike off": *Rome Sales and Service Station v. Finch*, 120 Pa. Superior Ct. 402, at page 405, 183 A. 54, at page 55. See *Interstate Contracting Co., Inc., v. Mager (No. 2)*, 51 Pa. D. & C. 279, 281.

Defendant at some point in the proceedings must be held to have made up his mind as to what method he proposed to follow. He abandoned his move to have the judgment stricken off. He then appealed to the equitable powers of the court to have the judgment opened. This request was granted that he might present his defense to the judgment which he alleged was based on a forged note. It is obvious that by selecting this procedure he elected to have a hearing and a determination on the merits.

We think the real dispute in this case can be decided as the court has directed. Any technical irregularities or defects which appear on the face of the record and which defendant has waived may be corrected by amendment. See *Sine v. Waychoff*, 123 Pa. Superior Ct. 334, 338, 187 A. 234; *Wilson Estate v. Transportation Insurance Co.*, 113 Pa. Superior Ct. 405, 407, 408, 173 A. 722.

In this appeal defendant has attempted to complain of two orders of the court below—(1) discharging rule to strike off judgment; and (2) making absolute rule to strike off judgment of non pros. As to the latter it is not

necessary for us to decide whether it is properly before us for consideration. Defendant presents no relevant argument in support of his statement that the judgment of non pros. should not have been stricken off. The court below is vested with discretion in the construction of its own rules, and we will not hold such construction to be erroneous unless error is clearly manifest. The court was of the opinion that defendant was not without blame for delay in the disposition of the issue which he sought and obtained, and that at least, under the circumstances, he should have given notice of his intention to proceed for the entry of judgment of non pros. Our examination of the record convinces us that defendant has not been prejudiced in any manner whatsoever by the action of the court below.

Order is affirmed.