## BAC Corporation *v.* Rosenberg, Appellant.

374

Argued March 28, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Martin H. Philip,* with him *A. Edward Coleman,* for appellant.

*Stanley V. Printz,* for appellee.

OPINION BY DITHRICH, J., July 20, 1950:

Appellant, on June 20, 1947, executed a bailment lease to which was attached a judgment note containing a warrant of attorney to confess judgment. The note was for $911.60 and was given to secure the unpaid balance for the rental of twenty vending machines leased to appellant by Andrews & Company. The lessor on the same date assigned the lease and the note to BAC Corporation, appellee.

The note provided for the payment of the face amount in twelve monthly installments, beginning July 20, 1947, and further provided: "A default in payment of any instalment or any part thereof . . . and without notice and demand shall render the entire unpaid balance due and payable immediately. . . .

"In the event of default as above described," the maker authorized and empowered "any attorney . . . to appear for and to enter and confess judgment against . . . [him] for the above sum, with or without declaration filed . . ."

On September 2, 1948, appellee confessed judgment against appellant for the face amount of the note. Appellant obtained a rule to show cause why the judgment should not be stricken from the record on the ground that it did not have attached an averment or declaration of default. After argument the rule was discharged, without prejudice to the defendant to petition the court to open the judgment in the event he had a valid defense to the payment of the note in question. Appellant contends that judgment was improperly and wrongfully entered because the entry of judgment was conditioned upon a default and no default was averred.

It is well established that an averment of default is necessary where "on the face of the record, no default is apparent": *Kolf v. Lieberman*, 282 Pa. 479, 482, 128 A. 122; *Hogsett v. Lutrario*, 140 Pa. Superior Ct. 419, 13 A. 2d 902. But where "[b]oth the default and the amount due . . . [are] ascertainable . . . from the face of the instrument," *Whitney v. Hopkins*, 135 Pa. 246, 255, 19 A. 1075, an averment of default is not necessary.

"As it [a judgment note] was past due, an averment that it had not been paid at maturity was unnecessary to advise the prothonotary of the fact; it already appeared; and the only amount involved was that stated on the face of the note": *Dime Bank and Trust Co. of Pittston v. O'Boyle*, 334 Pa. 500, 503, 6 A. 2d 106. Cf. *Drey St. M. Co. v. Nevling*, 106 Pa. Superior Ct. 42, 161 A. 880.

The last installment on the note in suit was due July 20, 1948. The fact that the note was still in possession

of plaintiff on September 2, 1948, the date the judgment was entered, was prima facie proof that it had not been paid. "The possession of an instrument in writing for the payment of money affords proof, prima facie, of a right in the holder to recover upon it according to its terms. The holder is not required to prove that it has not been paid. His case is made by the production of the instrument in the first instance, and the burden of showing payment is on him who alleges it. . . . The instrument makes for the holder a case, prima facie, on which he could recover before a jury, or have a judgment entered by virtue of the power of attorney. Both the default and the amount due were ascertainable in the first instance from the face of the instrument": *Whitney v. Hopkins*, supra, page 255.

In *P. Minnig Co. v. Carter*, 113 Pa. Superior Ct. 231, 173 A. 726, this Court affirmed an order making absolute a rule to strike off a judgment entered without an averment of demand or default in payment. But in that case the judgment was entered on a *demand* promissory note, and the ground for striking off the judgment was that no demand before the default was averred. The Court held that a prior demand was essential and the judgment could be entered thereafter only in the event of nonpayment, and that both demand and default would have to be averred. Here demand was waived.

In further answer to appellant's contention that the judgment should be stricken, appellee contends that appellant was guilty of laches. The question of laches was not raised in the answer to the petition to show cause why the judgment should not be stricken. Since it was not raised in the court below, it has not been considered here. *Kweller v. Becker*, 338 Pa. 169, 12 A. 2d 567.

Order affirmed.