American Heating Company, Appellant, *v.* Persell.

Argued November 13, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*Seymour A. Sikov,* for appellant.

*Samuel M. Rosenzweig,* for appellees.

OPINION BY HIRT, J., December 28, 1956:

The defendants own their home in Wilkinsburg. On March 8, 1954 they accepted an offer made by a salesman on plaintiff's behalf for the installation of a furnace which would heat the nine rooms on the first and second floors of their house. A written contract was executed on that date by the defendants, and by the salesman Borman, acting for the plaintiff. Defendants then paid $25 on account; the contract provided for the payment of $1,200, the remaining purchase price, in cash on "completion and inspection" of the work. There was a judgment note attached "by perforation" to the contract. Defendants signed this note also but plaintiff's representative at the hearing in this

proceeding conceded that it was signed by them in blank and he stated that, on the following day according to his invariable practice, he filled in the amount of defendants' obligation, to-wit: $1,200 payable "in one monthly installment of $1,200 upon completion and inspection as per contract." The contract in evidence provides for a furnace of sufficient capacity to heat the house to 70 degrees in zero weather. Defendants' carbon copy of the contract was illegible in some of its material provisions, including the stated efficiency of the furnace to be supplied.

As a result of defendants' dissatisfaction with the furnace in operation the plaintiff on April 20, 1954 entered judgment on an alleged copy of the note given by them. But because of an error in the narr and in the amount of the note, judgment was entered by confession at No. 861 July Term, 1954 in the sum of $1,-408.50 as the amount of the debt, and $211.28 attorney fee—a total of $1,619.78 payable in installments. Defendants in their petition of July 28, 1954, in addition to complaining of the error in the amount of the judgment and in the terms of payment, averred that trial and inspection of the furnace had demonstrated that it would not heat the house in accordance with the terms of the contract. On these grounds they sought to have the judgment opened. In its answer the plaintiff admitted "that the purported copy of the original note which is filed at the above number and term is a nullity" and the plaintiff also consented "to striking off the judgment [so entered] . . . without prejudice as to the rights between the parties arising out of the transaction and contract between the parties."

On July 21, 1954, a second judgment was entered for plaintiff on the warrant of attorney contained in the defendants' note, in the principal sum of $1,200

with an addition of an attorney's fee of $180. By petition the defendants on July 28, 1954 obtained a rule on plaintiff to open this judgment. After hearing on the rule however the defendants on November 30, 1954, petitioned the court for an order striking the judgment from the record. After hearing the court ordered the judgment stricken. The present appeal is from that order.

The principle is settled that "where a power of attorney authorizes a confession of judgment and the power is once exercised, the power is thereby exhausted." *American Bowling Club, Inc. v. Kanefsky,* 370 Pa. 136, 140, 87 A. 2d 646; *S. Jacobs & Son v. Busedu,* 95 Pa. Superior Ct. 132. And in the present case (in which the warrant did not allow more than one confession) the judgment in question was entered in the exercise of a power which had ceased to exist. This must be conceded. But, argues the plaintiff, since defendants first petitioned to open the judgment they thereby waived all irregularity in the entry of the judgment and could not later move to have it stricken. There is a semblance of authority in support of their position. In *Rome S. & S. Station v. Finch,* 120 Pa. Superior Ct. 402, 405, 183 A. 54 we held that one may petition to open after moving without success to strike off the judgment. In the opinion in that case however, KELLER, P. J., inferred that the converse is not true, and that one may not move to strike after petitioning to open for the reason that a proceeding to open generally is construed as a waiver of irregularities in the entry of the judgment. The principle was reiterated and applied in *Merchants Nat. Bk. v. Smulovitz,* 159 Pa. Superior Ct. 253, 48 A. 2d 57. But the general language of the rule is not to have application in all cases without qualification. In *Peoples National Bank*

*v. D. & M. Coal Co.,* 124 Pa. Superior Ct. 21, 187 A. 452, we held, under the facts of that case that an outstanding rule to open the judgment did not operate as a waiver of a vital defect in the confession of the judgment, nor preclude an endorser of the note from subsequently moving to strike off the judgment. We apprehend the true intent of the rule to be this: An equitable proceeding to open a judgment is a waiver of irregularities but only such as are not fundamental defects appearing on the face of the record. We have in substance said so in *Polis v. Russell,* 161 Pa. Superior Ct. 456, 55 A. 2d 558 in this language: "A petition to open a judgment may operate as a waiver of the irregularities in entering the judgment . . . but it does not constitute a waiver of a fundamental or vital defect—for instance, where plaintiff had no right to enter the judgment."

The warrant to confess judgment in the present case had been exhausted; the judgment accordingly was void, and a void judgment may be stricken off at any time. *Romberger, to use v. Romberger et al.,* 290 Pa. 454, 456, 139 A. 159.

The order is affirmed.