## Allied Mills, Inc. v. Ultra Quality Eggs, Inc.

Before Beckert, Mountenay, Rufe, Bodley, JJ.

*John D. Trainer,* for plaintiff.
*Harry L. Lees, Jr.,* for defendant.

BODLEY, J., May 7, 1973.—This case is before the court upon a petition to strike off a judgment, or, in the alternative, to open the judgment. The judgment in question was entered by confession on February 25, 1971, in the sum of $37,500, under a warrant of

attorney contained in an installment note dated September 17, 1970. The installment payments were to be made monthly, with the last payment due May 10, 1971, approximately two and one-half months after the date of the judgment.

The instrument provides, in part:

"If default be made in the payment of any said installments or service charges when due, or if default be made in the payment of any amount due on any other note or instrument the undersigned have given or may give to Allied Mills, Inc., or if default be made in the payment of any amount owing on any account with Allied Mills Inc., then the whole of the said sum remaining unpaid shall at the option of Allied Mills, Inc., become immediately due and payable without notice or demand."

The note went on to authorize any attorney of any court of record to appear and confess judgment "for such amount as may appear to be unpaid hereon, together with costs." No averment of default was filed.

Defendant attacks the judgment on a number of grounds, but since we are obliged to grant defendant's motion, we will limit our discussion to the rationale which has led us to this conclusion.

It is hornbook law that a motion to strike a judgment challenges only the validity and regularity of the judgment record and will be granted only for a fatal defect appearing on the face of that record: Washington County Controller's Case, 427 Pa. 631 (1967). Facts outside the face of the record cannot and will not be considered: Products Corporation of America v. Madway Engineers and Constructors, 210 Pa. Superior Ct. 498, 500 (1967). The court may not consider matters which depend upon extrinsic proof: Broadway National Bank of Scottdale v. Diskin, 105 Pa. Superior Ct. 279 (1932). A warrant of attorney

authorizing the entry of a judgment by confession must be clear and explicit and, if doubt arises as to the occurrence of a default, such doubt must be resolved against the party in whose favor the warrant is given: Northway Village No. 3, Inc. v. Northway Properties, Inc., 430 Pa. 499, 504 (1968). To the same effect see Grady v. Schiffer, 384 Pa. 302 (1956) and Baldwin v. American Motor Sales Co., 309 Pa. 275 (1932). A warrant of attorney authorizing the entry of a judgment must be strictly followed: Roche v. Rankin, 406 Pa. 92, 97 (1962).

The problem we find with plaintiff's judgment grows out of the authority granted the prothonotary under the Act of February 24, 1806, P. L. 334, 4 Sm. L. 270, 12 PS §739. This statute authorizes him to enter judgments by confession only "for the amount which from the face of the instrument may appear to be due." This is the extent of his authority. See also Pennsylvania Rule of Civil Procedure 2951 which reiterates this language and thus its inherent limitation. It has long been held that if the amount due cannot be ascertained without resort to evidence outside the written instrument, the prothonotary is without authority to enter the judgment: Whitney v. Hopkins, 135 Pa. 246, 254 (1890).

An averment of default is not necessary to the entry of a judgment by confession where the judgment note is, on its face, past due, for an amount certain, and is presented by the payee; such is not the case where the amount due on the face of the note is to be reduced by monthly payments, particularly where, as here, the final payment date has not been reached. The note in this latter case, without a proper averment of default, furnishes the prothonotary no information from which he can determine if default has occurred or calculate the amount due, at the time the note is

presented for the entry of judgment: Dime Bank and Trust Co. of Pittston v. O'Boyle, 334 Pa. 500, 503 (1939); Automobile Banking Corp. v. Duffy-Mullen Motor Co., 85 Pa. Superior Ct. 296, 299 (1925).

Hence, it follows that where on the face of the record no default is apparent, it is essential that an affidavit of default be presented to the prothonotary along with the note. Without such affidavit of default he is unable, before maturity of the note, to determine either (1) if the holder is entitled to exercise the warrant at that particular time or (2) the amount, if any, then due: BAC Corp. v. Rosenberg, 167 Pa. Superior Ct. 373, 375 (1950).

It is readily seen that applying these rules to the case before us, the prothonotary on February 25, 1971, the date of the judgment, was unable to calculate from the face of the instrument the amount then due. Indeed, he could not ascertain if plaintiff was then authorized to exercise the power of attorney. It was an installment judgment note with the date of five installments having then been passed and with three installments remaining to fall due. Plaintiff neglected to aver default and in such a case as this the acceleration clause cannot then come into operation. The prothonotary's attempted entry of judgment under the Act of 1806 was thus a nullity, since it was impossible for him to enter a judgment "for the amount, which, from the face of the instrument may appear to be due." Accordingly, the failure to aver default was a fatal procedural defect and the judgment must be stricken. See Kolf v. Lieberman, 282 Pa. 479, 482 (1925); West Penn Sand & Gravel Co. v. Shippingport Sand Co., 367 Pa. 218, 221 (1951).

### ORDER

And now, May 7, 1973, defendant's rule to show cause why the judgment entered February 25, 1971,

should not be stricken from the record is made absolute; the prayer of defendant's petition is granted; the prothonotary is directed to strike the said judgment from the record.