Bucks County Bank & Trust Company *v.* DeGroot, et ux., Appellants.

420

Argued September 14, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent).

*Jonathan D. Dunn,* for appellants.

*Allan K. Grim, Jr.,* with him *Grim and Grim,* for appellee.

OPINION BY JACOBS, J., December 11, 1973:

The issue before us is whether the lower court abused its discretion in refusing to open two judgments entered by confession against appellants. After a review of the record and the law, we find no abuse of discretion and affirm.

On November 9, 1967, appellants, Cornelius and Helena DeGroot, signed two judgment notes totaling $16,900 in favor of appellee, Bucks County Bank & Trust Company [hereinafter referred to as "Bank"]. The proceeds of the notes were used to benefit Elizabeth DiMiglio, a personal friend of the DeGroots. Al-

though several interest payments were made, nothing was paid on the principal of the notes and the Bank confessed judgment against the DeGroots. On April 14, 1971, the DeGroots petitioned the lower court to open the judgments, alleging fraud by the Bank and Mrs. DiMiglio in inducing them to sign the notes and in disposing of the funds. In its answer the Bank denied the allegations and asserted that the DeGroots knew that they were signing judgment notes and had authorized the disposition of the funds.

Depositions were taken of Mrs. DeGroot, Mr. DeGroot, and Ernest S. Moyer, the manager of the Bank, who had handled the transaction. The depositions reveal the following facts: After being approached for financial help by Mrs. DiMiglio, the DeGroots agreed to take out loans so she could improve her house and pay off certain obligations. Mrs. DiMiglio notified the Bank of this, and Mr. Moyer called the DeGroots for confirmation. The DeGroots were told to come to the Bank since the papers were ready to be signed. At the Bank, the DeGroots signed two judgment notes in a matter of minutes without reading them. They admitted that they were in a hurry to return home. Mrs. DiMiglio's name did not appear on the notes, nor did she sign them. However, the DeGroots thought they had cosigned the notes with Mrs. DiMiglio, although they admitted that Mr. Moyer had never told them that and had not prevented them from reading the notes. Moreover, Mr. Moyer stated that he had informed the DeGroots that the Bank would not take Mrs. DiMiglio's name on any note because of her marital status.[1] The DeGroots alleged that Mr. Moyer had told them that their loans were safe since they had Mrs. DiMiglio's

---

[1] At the time, Mrs. DiMiglio was separated from her husband and in the process of getting a divorce.

house to fall back on when in fact they had no security. However, Mr. Moyer denied making those statements.

When the proceeds of the loans were ready to be disbursed, Mr. Moyer said that he telephoned the De-Groots and Mr. DeGroot told him to distribute the proceeds as directed by Mrs. DiMiglio. Mr. DeGroot denied making such an authorization, but said he expected the proceeds to be distributed for Mrs. DiMiglio's benefit by her attorneys. Mr. Moyer testified that the proceeds were distributed in the specific way Mrs. DiMiglio requested. The Bank never informed the DeGroots of the itemized distribution, and the DeGroots never inquired into it. The DeGroots believed that part of the money would pay off the mortgage on Mrs. DiMiglio's house, but they never told this to the Bank. On the other hand, the Bank understood from Mrs. DiMiglio that the mortgage was to be "caught up." Apparently, some of the funds did go to the mortgage holder since no foreclosure took place until June of 1969.[2] The De-Groots never inquired into the disposition of their funds until this action was started.

A petition to open a judgment by confession is an appeal to the equitable side of the court. The judge sits as a chancellor with wide discretion in the consideration of the conflicting evidence and in the determination of the conclusion to be reached therefrom. *Yellow Cab Co. v. Carpol Realty Co.,* 221 Pa. Superior Ct. 132, 289 A.2d 241 (1972). In order to open a judgment the petition must aver a meritorious defense and also establish equitable considerations which impress the court with the need for relief. *Sanctis v. Lagerbusch,* 213 Pa. Superior Ct. 483, 249 A.2d 919 (1968). Moreover, the decision by the court below may not be re-

---

[2] Mr. Moyer stated that at the time the DeGroots signed the notes (November of 1967), the mortgage holder was foreclosing on Mrs. DiMiglio's house.

versed unless a clear abuse of discretion appears or an error of law was committed. *Ab v. Continental Imports*, 220 Pa. Superior Ct. 5, 281 A.2d 646 (1971).

In their petition to open, the DeGroots asserted two main defenses. The first was that they were induced to sign the notes by the fraud of the Bank, and that the Bank defrauded them of their property.[3] The second was that they received no benefit from the transaction. We take this to allege a failure of consideration.

To open a judgment because of fraud, the evidence must be more than conflicting. The proof of fraud must be clear and convincing. *Macy v. Oswald*, 198 Pa. Superior Ct. 435, 182 A.2d 94 (1962). The burden is on the one who asserts fraud. *Laughlin v. McConnel*, 201 Pa. Superior Ct. 180, 191 A.2d 921 (1963). A review of the record to determine whether fraud was established shows at most a conflict of evidence.[4] Nor does the DeGroots' allegation that the Bank "received the entire benefit from the transaction, having obtained a solvent creditor [the DeGroots] for what they knew to be a bankrupt creditor [Mrs. DiMiglio]" show fraud. Although the Bank did not receive the entire benefit, a $9,114 debt owed to the Bank by Mrs. DiMiglio and her husband was satisfied out of the proceeds of the loans. From this result it is possible to infer some self-dealing by the Bank. However, Mr. Moyer stated that he was directed to pay off this debt by Mrs. DiMiglio and that Mr. DeGroot had told him to "pay out the way she [Mrs. DiMiglio] says." Since this debt was a lien on Mrs. DiMiglio's home, it was reasonable for her to want it removed. The DeGroots have not shown that any confidential relationship existed between themselves

---

[3] While they alleged fraud on the part of Mrs. DiMiglio, no testimony was offered in support of the allegation and it has not been pursued on appeal.

[4] *See* text, supra.

and the Bank so as to change the burden of proof. There is no evidence to show that the Bank was ever told to distribute the funds other than as directed by Mrs. Di-Miglio.[5]

The DeGroots had the burden to prove the second defense which was failure of consideration. *Poelcher v. Zink*, 375 Pa. 539, 101 A.2d 628 (1954). A review of the record indicates that the DeGroots received exactly what they expected from the transaction in that the proceeds from their loans went to pay off various obligations of Mrs. DiMiglio and to improve her house. A benefit to a third person is sufficient consideration to sustain a promise. *See* 8 P.L.E. *Contracts* §61 (1971).

If the DeGroots misunderstood the nature of the transaction or how the proceeds of their loans were to be distributed, they have only themselves to blame. They have not proved that they were defrauded, but only that they were neglectful of their rights. The evidence points to the conclusion that they received what they had bargained for in the transaction—two loans to benefit Mrs. DiMiglio. We find that the court below did not abuse its discretion in refusing to open the judgments.

Order affirmed.

---

[5] Nor do we find the defense set forth in *Gimbel Bros. v. Hand*, 101 Pa. Superior Ct. 212 (1931), to be applicable because such a defense only existed in favor of an accommodation party. Here, the DeGroots are not accommodation parties to the notes since Mrs. Di-Miglio, for whose benefit the notes were signed, was not a party thereto. *See* §3-415 of the Uniform Commercial Code, Act of April 6, 1953, P. L. 3, §3-415, *eff.* July 1, 1954, *reenacted* October 2, 1959, P. L. 1023, §3, *eff.* January 1, 1960, 12A P.S. §3-415; *Commerce Nat'l Bank v. Baron*, 336 F. Supp. 1125 (E.D. Pa. 1971).