386 A.2d 50

**EDWARD BERSHAD CO., t/a Penn Vending Company**

v.

**BABE'S BAR, INC., Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 7, 1977.

Decided April 28, 1978.

---

478

Jay Meyers, Philadelphia, Leonard A. Green, Glenside, for appellant.

Theodore A. Schwartz, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in refusing to either strike or open a confessed judgment. Because we find that the lower court erred in refusing to strike the judgment,[1] we reverse.

The pleadings and affidavits establish the following facts: On July 22, 1976, appellant, Babe's Bar, Inc., entered into a written contract with appellee, Edward Bershad Co., in which appellant agreed to lease a cigarette vending machine from appellee. The contract required appellee to install the machine at appellant's premises at 3800 North 6th Street in Philadelphia and to pay appellant a commission of five cents per package of cigarettes sold. The contract term was for five years from the date of execution. The contract contained a liquidated damages provision and a warrant of attorney which provided as follows:

"In the event of a breach of this Agreement by the Proprietor the Company shall have the right, option and privilege to terminate this Agreement, and in such event the

---

1. Appellant filed a petition to strike and a petition to open on the same day. Consequently, the lower court treated both petitions as one. Because we conclude that the lower court erred in denying appellant's petition to strike, we do not consider whether the lower court erred in refusing to open judgment.

Proprietor agrees to pay to the Company as liquidated damages, and not as a penalty or forfeiture, a sum equal to the average weekly amount received by the Company prior to the breach, multiplied by the number of weeks remaining in the unexpired term of the Agreement, which sum shall be immediately due and payable at the time of the breach of this contract. The undersigned Proprietor for and as collateral security for the faithful performance of his obligation under this contract, hereby authorizes and empowers, one day after the date hereof, the Prothonotary, Clerk, or any attorney of any Court of Record in the United States or elsewhere, with or without declaration filed, to appear for and enter judgment against such Proprietor for the sum of ............... Dollars, ($ ), with costs of suit, release of errors, without stay of execution and with twenty percent (20%), added, as part of the judgment and for attorney's fees for collection, hereby waiving inquisition on any real estate, and Proprietor also waives all benefit of exemption laws of the States of Pennsylvania and New Jersey."

Subsequent to executing the contract, appellant decided to sell the premises at 3800 North 6th Street. On December 24, 1976, appellant informed appellee that appellant was selling its business on December 27, 1976, and that appellee must remove the cigarette machine by that time. On December 27, 1976, appellee filed a complaint in confession of judgment[2] against appellant in Philadelphia County Court of Common Pleas. In the complaint, appellee alleged that appellant's sale of its business premises constituted a breach of the July 22, 1976 contract. Appellee set forth the unexpired term of the agreement at the time of the alleged breach and appellee's average weekly profit derived from the cigarette vending machine prior to the breach. Moreover, appellee added the attorney's collection fee of twenty percent allegedly authorized in the warrant. Appellee thereby alleged a total of $4,620.00 due on the warrant. Judgment was entered on December 27, 1976.

2. Pa.R.Civ.P. 2962; 42 Pa.C.S. § 2962.

On January 12, 1977, appellant filed both a petition to strike and a petition to open the judgment. The lower court denied appellant's petitions. This appeal followed.

Appellant contends that the lower court erred in refusing to strike the confessed judgment. In *Fourtees Co. v. Sterling Equipment Corp.*, 242 Pa.Super. 199, 363 A.2d 1229 (1976), our Court outlined the controlling test for striking confessed judgments: "A motion to strike a judgment will not be granted unless a fatal defect appears on the face of the record. If the record is self-sustaining, the judgment will not be stricken . . . (citations omitted)." Id., 242 Pa.Super. at 204, 363 A.2d 1229, at 1232 (1976). See also *Solebury National Bank of New Hope v. Cairns*, 252 Pa.Super. 45, 380 A.2d 1273 (1977). "The law is well settled that a warrant of attorney authorizing the confession and entry of judgment—because it is such an oppressive weapon—must be strictly construed and strictly followed according to and with all its terms . . . ." *Housing Mortgage Corp. v. Power Development and Investment Corp.*, 402 Pa. 388, 167 A.2d 146 (1961). See also *Grady v. Schiffer*, 384 Pa. 302, 121 A.2d 71 (1956); *Bucks County Bank & Trust Co. v. DeGroot*, 226 Pa.Super. 419, 313 A.2d 357 (1973).

Because a judgment by confession must be self-sustaining, it may not be entered when the court must consider matters outside the instrument in order to support the judgment. *Lenson v. Sandler*, 430 Pa. 193, 241 A.2d 66 (1968); *Green Ridge Bank v. Edwards*, 247 Pa.Super. 231, 372 A.2d 23 (1977). If the instrument under which judgment is sought shows circumstances from which the amount due may precisely be calculated, judgment may be entered. However, if the amount due is not stated in the instrument and cannot be ascertained by calculation from information which the instrument itself provides, judgment may not be confessed. *Green Ridge Bank v. Edwards*, supra; *Lenson v. Sandler*, supra. Moreover, if any doubt exists regarding the propriety or effect of a warrant of attorney authorizing confession of judgment, that doubt must be resolved against the party in whose favor the warrant is given. *Kline v.*

*Marine Germantown Corp.*, 438 Pa. 41, 263 A.2d 362 (1970); *Yellow Cab Co. of Philadelphia v. Carpol Realty, Inc.*, 221 Pa.Super. 132, 289 A.2d 241 (1972).[3]

In *Lenson v. Sandler*, supra, our Supreme Court overturned a lower court's refusal to strike off a confessed judgment on a lease which defined damages for breach of the agreement as an amount equal to the amount of rent reserved for the balance of the lease term, less the fair rental value of the premises for the remainder of the term. The Court found that the amount of the fair rental value of the premises was neither readily apparent nor ascertainable from the fact of the instrument. Because the instrument expressly stated that the fair rental value was a factor to be considered in determining the amount of damages, the prothonotary would have had to resort to evidence outside the instrument to enter judgment. Consequently, the Court concluded, "The entry of judgment is a ministerial act by the Prothonotary and, if the amount of the judgment cannot be ascertained without resort to evidence dehors the writing, then he has no statutory authority to enter the judgment . . . ." *Lenson v. Sandler*, supra, 430 Pa. 193 at 197, 241 A.2d 66 at 68.

 Applying the standards for confessing judgments to the facts of the instant case, we find that the lower court erred in refusing to strike the judgment. Appellee alleged damages in the amount of $4,620.00; $3850.00 of that sum represented the principal amount due and the remaining $770.00 represented the attorney's collection fee of twenty percent as provided for in the agreement. Appellee concedes that this specific amount of liquidated damages was not stated in the contract. However, appellee maintains that the amount of liquidated damages due could be calculated pursuant to a formula outlined in the instrument.

3. Our Court has recognized that this rule of strict construction may be constitutionally required in view of recent due process challenges to cognovit clauses. See *Egyptian Sands Real Estate, Inc. v. Polony*, 222 Pa.Super. 366, 294 A.2d 799 (1977). Cf. *Swarb v. Lennox*, 314 F.Supp. 1091 (E.D.Pa.1970), aff'd 405 U.S. 191, 92 S.Ct. 767, 31 L.Ed.2d 138 (1972).

According to appellee, all the prothonotary must do to determine the amount of damages is to multiply the average weekly cigarette machine revenue received by appellee prior to the breach times the number of weeks remaining in the unexpired term of the contract. However, the uncertainty in this formula is readily apparent: the agreement itself does not provide for "an average weekly amount received by the Company [appellee]." Consequently, the prothonotary entered judgment on the basis of evidence outside the instrument. This violates the rule of strict construction of confession of judgment clauses which prohibits the entry of judgments based on evidence outside the instrument. Accordingly, we find that the lower court erred in refusing to strike the judgment by confession and we reverse.

Order reversed.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

PRICE, J., dissents.