430 A.2d 981

PARLIAMENT INDUSTRIES, INC.

v.

WILLIAM H. VAUGHAN & CO., INC., Appellant.

Superior Court of Pennsylvania.

Argued Dec. 3, 1979.

Filed Dec. 1, 1980.

On Reconsideration June 12, 1981.

Petition for Allowance of Appeal Granted Oct. 2, 1981.

462

Anthony W. Novasitis, Jr., Philadelphia, for appellant.

Harry A. Dower, Allentown, for appellee.

Before PRICE, WATKINS and HOFFMAN, JJ.

PRICE, Judge:

This appeal is taken from an order in the trial court dismissing appellant's petitions to strike two judgments entered by confession. Finding one judgment to be invalid and the other to be excessive, we affirm in part and reverse in part.

On December 8, 1977, the Prothonotary of Lehigh County entered judgment in the amount of $306,365.50 [1] against appellant in favor of appellee. Attached to the praecipe for confession of judgment were four promissory notes in the amount of $87,533.00 with one each maturing on December 28, 1977, 1978, 1979 and 1980. The notes specified that each was to be paid in four equal installments commencing on March 28 of the year in which the note was due.

On December 27, 1977, appellant filed a petition to open or strike the judgment, alleging numerous defects in the manner in which the December 8 judgment had been entered. In an attempt to correct several of the defects identified by appellant, appellee filed a complaint for confession of judgment on December 27, 1977, pursuant to Pa.R.C.P. No. 2951(b). Attached to this complaint were four additional

---

1. Credit was given for installments paid by appellant totalling $43,-766.50.

promissory notes, bearing the same dates, sums and terms of payment as the notes filed with the original confession of judgment on December 8, 1977.[2] A petition to open or strike this judgment was filed, the two cases were consolidated and execution was stayed pending resolution of appellant's petitions. Appellant now appeals from the order of the trial court refusing to strike the judgments, asserting numerous errors with respect to each judgment.

Appellant first contends, *inter alia*, that the judgment entered on December 8, 1977, was improper because the notes were subject to a condition precedent of default which was not ascertainable from the face of the instrument. In effecting confession of judgment appellee filed three sets of documents with the Prothonotary of Lehigh County: a praecipe directing entry of judgment pursuant to the Act of February 24, 1806, P.L. 334, 4 Sm.L. 270, § 28, 12 P.S. § 739; an affidavit of default; and a set of four promissory notes. Appellant contends that the prothonotary and the trial court erred in considering the affidavit of default in entering judgment and that because the default did not appear on the face of the instruments, the first judgment should have been stricken. We agree.

■ Generally, a warrant of attorney authorizing confession of judgment may be exercised at any time unless the warrant expressly limits the extent of the authority by, for example, subjecting the warrant to a condition precedent of default. *See, e. g., Triangle Building Supplies & Lumber Co. v. Zerman*, 242 Pa.Super. 315, 363 A.2d 1287 (1976). In the instant case, both parties readily concede that the notes were subject to such a condition precedent, as they provided that the warrant could be exercised only "after the above indebtedness becomes due."

Being subject to a condition precedent of default, we must resolve whether this condition must appear on the face of

2. Judgment on this complaint was also requested in the amount of $306,365.50 giving credit for $43,766.50 that had been paid by appellant.

the instrument or may be satisfied by an affidavit of default filed in conjunction with the praecipe for confession of judgment.

In confessing judgment on December 8, 1977, appellee specifically directed the prothonotary to enter judgment by means of the Act of 1806, *supra*, which outlines the confession of judgment by praecipe as utilized by appellee. That provision only specifies that the amount for which the judgment is entered must appear on the face of the instrument, and makes no mention that any conditions precedent must also appear on the face of the instrument. Indeed, the common practice under the Act of 1806 was to satisfy any default conditions by means of an affidavit filed in conjunction with the praecipe. *See Kolf v. Lieberman*, 282 Pa. 479, 128 A. 122 (1925). However, while the Rules of Civil Procedure in effect at the time of the instant proceeding in 1977 relating to confessions of judgment retained the procedure for confessing judgment outlined in the Act of 1806, see Pa.R.C.P. No. 2951(a),[3] that procedure was further restricted by the Rules. Rule 2951(c) required that "[i]f the instrument . . . requires the occurrence of a default or condition precedent before judgment may be entered, the occurrence of which cannot be ascertained from the instrument itself," the procedure under the Act of 1806 may not be employed. In that situation, the creditor must utilize the complaint procedure employed by appellee in obtaining the second judgment and outlined in Pa.R.C.P. No. 2951(b). Because examination of the notes does not reveal whether the condition precedent of default had been satisfied, Rule 2951(c) precludes entry of judgment by means of the procedure

---

**3.** Rule 2951(a), in effect at that time, provided as follows:

"(a) Judgment by confession may be entered by the prothonotary, as authorized by the Act of February 24, 1806, P.L. 334, 4 Sm.L. 270, sec. 28, as amended, 12 P.S. § 739, without the agency of an attorney and without the filing of a complaint, declaration or confession, for the amount which may appear to be due from the face of the instrument. The judgment may include interest computable from the face of the instrument."

utilized by appellee on December 8, 1977.[4] Accordingly, the trial court erred in refusing to strike that judgment.

Next, appellant poses various challenges to the validity of the second judgment entered on December 27, 1977. First, it contends that appellee was without authority to enter that judgment because the exercise of the warrants of attorney contained in the promissory notes had been exhausted by virtue of appellee's use of those notes in confessing the first judgment on December 8, 1977. As appellant correctly notes, upon the entry of a judgment by confession under a warrant of attorney, the warrant is exhausted and may not serve as authorization to enter a subsequent judgment even when the first is stricken from the record. *See, e. g., Scott Factors, Inc. v. Hartley*, 425 Pa. 290, 228 A.2d 887 (1967); *American Heating Co. v. Persell*, 182 Pa.Super. 606, 127 A.2d 764 (1956). However, after examining the two sets of notes the trial judge concluded that one was not a mere copy of the other, but that each was an original set of notes with an original signature by appellant's president. After examining the notes reproduced in the record on appeal, we observe that there are certain dissimilarities in the two sets of notes, and on that basis agree with the trial judge that the entry of judgment based upon the warrant of attorney contained in the first set of notes did not exhaust the warrant contained in the second.

Appellant next contends that the judgment of December 27, 1977, should be stricken because appellee was not the holder of the instruments, but rather that the instru-

4. Under the present facts it could not have been determined whether appellant was in default on the first note due December 28, 1977. While by its terms appellant was to have made installments on that note in March, June and September, 1977, a default in those installments did not appear on the face of the instrument. It is only when an instrument payable in installments is past due and is still retained by the creditor that a default may be said to appear on the face of the instrument. *See Dime Bank and Trust Co. v. O'Boyle*, 334 Pa. 500, 6 A.2d 106 (1939); *BAC Corp. v. Rosenberg*, 167 Pa.Super. 373, 74 A.2d 494 (1950). When, however, the note is presented before it is due, it cannot be said that any default appears on the face of the instrument.

ments had been transferred to a third party bank. In its complaint filed pursuant to Pa.R.C.P. No. 2952 appellee conceded that it had assigned the notes to the bank, but alleged that the assignment had not been absolute, but had been assigned as security for an indebtedness owed by appellee to the bank and that appellee remained the holder of the notes. In its petition to strike, appellant alleged that the assignment to the bank deprived appellee of "holder" status thus precluding entry of judgment in its favor. Without belaboring the point, and constraining our review to the record of the entry of the judgment as we must in reviewing a petition to strike, *see Triangle Building Supplies and Lumber Co. v. Zerman, supra*, we agree with the trial judge that appellee's possession of the promissory notes constitutes it a holder authorized to enter judgment in accordance with the terms of those notes. Whatever defense appellant may have with respect to the assignment to the bank involves matters *dehors* the record and should be addressed in a petition to open. *See J. E. Realty Co. v. Yerkes*, 263 Pa.Super. 436, 398 A.2d 215 (1979); *Triangle Building Supplies and Lumber Co. v. Zerman, supra.*

Next, appellant contends that the judgment of December 27, 1977, should be stricken because the complaint was verified by appellee's attorney and not by appellant. Rule 2952 provides that a complaint for confession of judgment shall contain the "signature and verification in accordance with the rules relating to the action of assumpsit." Rule 1024(c), applicable to actions in assumpsit, requires verification by a party unless the party is outside the jurisdiction and will be unavailable to verify the pleading within the time allowed for filing, in which case the party verifying the pleading shall state the source of his knowledge and the reason why the pleading is not verified by a party. The trial court concluded that appellee failed to abide by this rule, but refused to strike the judgment on the basis that the promissory notes contained a release of errors clause.

As noted in *Green Ridge Bank v. Edwards*, 247 Pa.Super. 231, 372 A.2d 23 (1977), a release of errors clause

may constitute a valid waiver of all technical irregularities relating to the manner in which the judgment has been entered, although it does not preclude a challenge to the authority of the party or the prothonotary to enter the judgment.[5] *See West Penn Sand & Gravel Co. v. Shippingport Sand Co.*, 367 Pa. 218, 80 A.2d 84 (1951). Accordingly, the lack of proper verification on the complaint may not serve to undercut the efficacy of the judgment confessed on December 27, 1977.

Finally, appellant contends that the judgment entered on December 27, 1977, is excessive and appellee was without authority to enter a portion of that judgment. In support of this contention, appellant draws our attention to the fact that three of the notes (those due December 28, 1978, 1979, and 1980) had not yet matured and no installments were due and the other note, due December 28, 1977, was at most in default as to only one or two installments. It further alleges that absent a clause specifically stating that each note is dependent upon the others and a default in the payment of an installment under one note permits acceleration of all other notes, appellee was without authority to enter judgment on the last three notes and the judgment should have been limited to the amount of the note due on December 28, 1977. In its complaint appellee alleged that appellant was in default as to the installment payments required under the first note and as to the remaining three by virtue of the doctrine of anticipatory breach.[6] It made no mention, however, of any connection between a default in one note as constituting a default in any of the other notes.

In overruling appellant's objection to the alleged lack of authority the trial court observed that all four notes were identical in terms and amount and differed only with respect

**5.** In *Monroe Contract Corp. v. Harrison Square, Inc.*, 266 Pa.Super. 549, 405 A.2d 954 (1979), we held that lack of proper verification to a petition does not affect the jurisdiction of the court in which the petition is filed.

**6.** The anticipatory breach arose by virtue of a letter from appellant's attorney dated December 2, 1977, in which he stated the intent of his clients not to make any further payments on the promissory notes.

to the date upon which they were due. Thus, when viewed in the light of the attendant circumstances, the judge concluded that all four notes were "clearly a part and parcel of the same transaction." (Opinion at 6), and that the parties obviously intended that a default in the payment of one would permit acceleration and confession of judgment on all. We conclude, however, that the trial court exceeded its scope of authority in speculating to this effect and, in essence, engaged in a rewriting of the terms of the promissory notes on behalf of the parties.

In determining whether to grant a motion to strike a judgment, a trial court is restricted to examining the record. *Edward Bershad Co. v. Babe's Bar, Inc.*, 254 Pa.Super. 477, 386 A.2d 50 (1978). Moreover, being in derogation of important rights on behalf of the debtor, any ambiguity in the warrant of attorney authorizing confession of judgment must be resolved against the party in whose favor the warrant is given. *Kline v. Marianne Germantown Corp.*, 438 Pa. 41, 263 A.2d 362 (1970). Applying these standards, we conclude that the judge erred in assuming that default in the payment of an installment in one note permitted acceleration and confession of judgment on those notes not yet due, absent a specific provision in the promissory notes to that effect. While each note did specify that judgment could be confessed for an amount "appearing due as of any term, past, present or future," it is unclear whether this was intended to permit acceleration for those installments under that particular note that had not yet become due, or whether this provision was intended to permit acceleration for all installments under all of the notes. Although the trial court concluded that the latter interpretation was clearly intended, we believe that the former is as likely an interpretation, especially in light of the additional restriction in each note that the warrant of attorney could not be exercised until after the indebtedness under that particular note became due. In light of this ambiguity, and employing the proper standard of construing all ambiguities against appellee, we conclude that the trial

court erred in permitting acceleration and confession of judgment on these notes due in 1978, 1979, and 1980.

We note, moreover, that appellee's allegation of anticipatory breach is similarly without effect in authorizing confession of judgment on those notes. While not citing any Pennsylvania cases, Williston on Contracts, 3d ed. § 1326 (1968), summarizes the majority rule that a unilateral contract for the payment of money is not subject to the rule of anticipatory breach, particularly when the suit is upon a promissory note.[7] The rationale for such a rule is to avoid what would in effect, be a rewriting of the terms of the note to permit recovery prior to the date on which it is due. Such reasoning would indeed appear sound and is consistent with the rule in Pennsylvania that a party may correct the "breach" by performing his obligations under the contract when time for performance becomes due despite the earlier repudiation. *See Kleiman v. Cohen*, 98 Pa.Super. 61 (1930). Recognizing that in a situation like the present in which the only outstanding obligation is on appellant to make the installments on the promissory notes and no further action is required of appellee, we believe that the doctrine of anticipatory breach should not be applied.

Accordingly, the judgment entered December 8, 1977, is stricken, the judgment entered December 27, 1977, is reduced by the amount of $262,599.00 representing the total

**7.** Although the authors of Corbin on Contracts, § 963 (1951), disagree with the general rule, they readily concede that no cases have been discovered in which anticipatory breach has been permitted under a promissory note. While that treatise cites two cases from Pennsylvania in which the doctrine was applied despite the fact that one party's obligation to pay money had become unilateral in nature, *see Cameron v. Eynon*, 332 Pa. 529, 3 A.2d 423 (1939); *Marshall v. Franklin Fire Ins. Co.*, 176 Pa. 628, 35 A. 204 (1896), neither of those cases involved promissory notes. Moreover, we believe that a careful reading of the latter case shows that the discussion was limited to a present breach of the obligation by the defendant to accept an assignment of a fire insurance contract and no mention was made of an anticipatory breach of its obligation to pay under the policy if the insured premises should be destroyed.

judgment under the last three notes, and the case is remanded for disposition of appellant's petition to open.

WATKINS, J., files a dissenting opinion.

WATKINS, Judge, dissenting:

I dissent. Each judgment note specified that judgment could be confessed for an amount "appearing due as of any time past, present, or future". Since all of the judgment notes arose out of one transaction, I find that this wording clearly supports the conclusion reached by the court below. As stated by the court below:

> "The confession of judgment clauses in question also authorize the Prothonotary 'to admit the maturity (of the notes) hereof by acceleration or otherwise.' An instrument payable in installments containing a warrant to confess judgment can, absent a specific provision for default, be entered at any time. *Whitney v. Hopkins*, 135 Pa. 246, 19 A. 1075 (1890). However, in the instant case it is clear that the parties intended that the maker of the note must fail to pay an installment or commit a default before the acceleration provision would take effect. A clause providing for acceleration of the entire indebtedness in the event of failure to pay an installment(s) as they become due is legal and will authorize the confession of judgment for the entire amount. *Grant Construction Co. v. Stokes*, 109 Pa.Super. 421, 167 A. 643 (1933). Furthermore, under these circumstances and in this context, default in any installment of the judgment notes in their respective order would accelerate the entire amount due under all the notes. This becomes even more evident in light of the confession clause which provides that the Prothonotary shall admit the maturity by acceleration 'for the amount appearing due *as of any term, past, present or future.*' The notes when viewed in light of all the circumstances would appear almost identical except for dates, and are clearly a part and parcel of the same transaction." (Emphasis—the opinion writer below).

It is also clear from appellant's attorney's letter of December 2, 1977 that the appellant had no intention of making any future payments on the notes. It would serve no purpose to require appellee to wait three (3) years before confessing judgment on all three notes when any defense appellant has to the matter could be raised in one proceeding now via a petition to open the judgments. Thus, I feel that this is a clear case of anticipatory breach and I would permit this theory to be applied to situations involving promissory notes. See *Corbin on Contracts*, Section 963 (1951).

I would affirm the order of the lower court.

On Reconsideration

PRICE, Judge:

On December 1, 1980, this panel, with Watkins, J., dissenting, filed its opinion striking the judgment entered December 8, 1977 and reducing the judgment of December 27, 1977 by the amount of $262,599.00. This case was then remanded for disposition of appellant's petition to open.

Appellee filed a petition for reargument and, on April 23, 1981, a majority of the judges than in service ordered this panel to reconsider the disposition of the second judgment. This action was taken, we assume, on the mistaken assumption that there may have been a delinquency in the payment of interest, which delinquency might require a different result.

The record clearly reflects that appellee never claimed such a delinquency in interest [1] and the judgment entered was for the principal sum, less installments paid, of $306,-365.50. Accordingly, we hold that appellee's claim of a default in payment of the interest on all four notes, advanced for the first time in its petition for reargument, was never a proper issue for consideration, either by the trial court or this court.

1. *See* Confession of Judgment attached to appellee's Complaint.

Accordingly, we reaffirm our opinion and order of December 1, 1980.